JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Antoine Sheldon appeals from a judgment of Cleveland Municipal Court finding him guilty of domestic violence and assault. On appeal, he assigns the following errors for our review:
 {¶ 2} "I. The trial court should have granted the defendant-appellant's motion to dismiss the charges against him on speedy trial grounds."
 {¶ 3} "II. The trial court erred when it forced defendant-appellant to forgo his statutory and constitutional right to a speedy trial in order to exercise his constitutional right to notice of his charge and to know and understand the charges against him."
 {¶ 4} "III. The trial court erred when it found a factual basis for the assault charge based on an alleged assault on an unborn child."
 {¶ 5} Having reviewed the record and pertinent law, we affirm the judgment of the court. The apposite facts follow.
 {¶ 6} The record reflects on November 9, 2002, the Cleveland police arrested Sheldon. He was charged with domestic violence pursuant to Ohio Revised Code 2919.25(A) and assault pursuant to Cleveland Codified Ordinance 621.03, both misdemeanors of the first degree. On November 14, 2002, Sheldon pled not guilty to the charges and the court set bond at $10,000. Sheldon was unable to post bond.
 {¶ 7} On November 21, 2002, Sheldon appeared for his first pre-trial. Sheldon had been incarcerated from the date of the arrest to this pre-trial. At the pre-trial, Sheldon requested a trial. The court scheduled a bench trial for December 11, 2002.
 {¶ 8} On December 11, 2002, the day of the trial, Sheldon filed a motion to dismiss the case contending the speedy trial time had expired, because he had been in jail for 32 days. The prosecutor objected arguing the speedy trial time had not expired, because of the following reasons: (1) Sheldon was arrested on November 9, 2002, and since the day of arrest does not count, the speedy trial time started on November 10, 2002, (2) there was a joint request for a continuance on November 13, 2002, so Sheldon could receive medical attention, therefore that day did not count, and (3) Sheldon filed motion for discovery on November 27, 2002, which the prosecutor answered on December 5, 2002, therefore the speedy trial time was tolled from the filing of the motion until it was answered.
 {¶ 9} The trial court denied the motion to dismiss stating the time was tolled due to the filing of the motion for discovery. Thereafter, counsel for Sheldon informed the court there would be a change of plea.
 {¶ 10} The court reviewed the factual basis for the charges against Sheldon. This revealed that on November 9, 2002, the police responded to Sheldon's home because they received a 911 call from Kenya Hernon, who complained that while visiting her former boyfriend, the father of her unborn child, an argument ensued. The argument escalated and Sheldon punched her repeatedly in her face and stomach. She fled the scene and called the police.
 {¶ 11} The police reported they observed Kenya Hernon had a bloodied lower lip and a large lump on the left side of her forehead. They took pictures of her injuries and arrested Sheldon.
 {¶ 12} Sheldon pled no contest to both charges and the court found him guilty. Prior to sentencing, Sheldon's attorney informed the court Sheldon had mental health issues, and was receiving services through Recovery Resources and the Sammie Program. His attorney requested a screening for the Mentally Disabled Offender's (MDO) program.
 {¶ 13} The court fined him $500 and sentenced him to one year active probation, required him to attend the Batterer's Intervention Program and attend anger management classes. Sheldon now appeals.
 {¶ 14} In his first and second assigned errors, Sheldon argues the trial court erred by violating his constitutional and statutory speedy trial rights. We disagree.
 {¶ 15} The United States Supreme Court's opinion in Klopfer v.North Carolina,[1] established that the right to a speedy trial is "fundamental" and is imposed by the Due Process Clause of the Fourteenth Amendment on the States.[2]
 {¶ 16} In Ohio, the right to a speedy trial has been implemented by statutes that impose a duty on the State to bring to trial a defendant who has not waived his right to a speedy trial within the time specified by the particular statute. R.C. § 2945.71, et seq. applies to defendants generally. R.C. § 2941.401 applies to defendants who are imprisoned.[3] The provisions of R.C. § 2945.71, et seq. and R.C. § 2941.401 are mandatory and must be strictly complied with by the trial court.[4] This "strict enforcement has been grounded in the conclusion that the speedy trial statutes implement the constitutional guarantee of a public speedy trial."[5]
 {¶ 17} The burden is on the City to bring the accused to trial within the statutorily prescribed period. The speedy trial laws exist to protect the accused from unnecessary delays and the burdens incident thereto.
 {¶ 18} Our standard of review upon an appeal raising a speedy trial issue is to count the expired days as directed by R.C. § 2945.71, et seq.[6] Where we find ambiguity, we construe the record in favor of the accused.[7]
 {¶ 19} The law in Ohio is that the right to a speedy trial time starts to run the day after arrest.[8] Also, we triple count each day the accused was in jail in lieu of bail solely on the pending charge.[9]
 {¶ 20} We begin our count with November 10, 2002, the day after Sheldon's arrest.[10] From that date until December 11, 2002, when Sheldon pled no contest, 32 days elapsed. Because Sheldon was held in jail solely on the pending charges, he is entitled to R.C. §2945.71(E)'s triple-count provision. Thus, 96 is the gross sum of elapsed speedy trial days.
 {¶ 21} We toll the speedy trial count during "the period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than the accused's own motion."[11]
The trial court granted a joint continuance for Sheldon to obtain medical attention from November 13, 2002 until November 14, 2002. This continuance tolled the speedy trial statute for 3 days which we subtract from 96, leaving a preliminary net of 93 speedy trial days.
 {¶ 22} We also toll "any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused."[12] On November 29, 2002, Sheldon filed motions for bill of particulars, a discovery request, and intent to use evidence. The prosecutor responded on December 5, 2002. Additionally, Sheldon filed the motion to dismiss on December 11, 2002, the day of the trial. A motion to dismiss tolls the time in which a defendant must be tried.[13] These defense motions toll the speedy trial statute 22 days which we subtract from 93, leaving 71 net speedy trial days.
 {¶ 23} Sheldon argues the motions he filed for discovery and for bill of particulars did not necessitate a delay within the meaning ofState v. Brown.[14] Until State v. Brown, the Ohio Supreme Court had not ruled on the issue of whether motions for discovery and bill of particulars constituted tolling events.[15] In light of the Fifth District's conflict with the Twelfth, Third, Eighth, Tenth, Fourth, and Second Districts, the Ohio Supreme Court granted certiorari in State v.Brown;[16] the Ohio Supreme Court held in all situations motions by the accused for discovery and for bill of particulars constituted tolling events.[17]
 {¶ 24} Nevertheless, Sheldon argues Brown should be read to sanction tolling only when these motions cause an actual delay. It is difficult to respond to the subtlety of this argument because we do not have a record before us outlining whether an actual delay was caused. What we do know from the record is Sheldon filed motions that resulted in 22 days of tolled time. He filed motions for continuance, discovery, bill of particulars, and dismissal. He was brought to trial within the 90-day period because the tolling time resulted in only 71 days of expired time. Yet, Sheldon argues because the City responded to his bill of particulars and discovery motions within 6 days, these motions did not necessitate a delay. Not having a record to fully appreciate this argument, we decline to speculate. However, we read State v. Brown as holding the act of the accused in filing the discovery and bill of particulars motions trigger the tolling; consequently, we hold Sheldon's motions necessitated the delay and 22 days were tolled as a result. Accordingly, assigned errors one and two lack merit.
 {¶ 25} In his third assigned error, Sheldon argues the trial court had no factual basis to find him guilty of assault of an unborn child after his plea of no contest when the City's code he pled to has no provision for assault against an unborn child. We are not persuaded. Sheldon pled no contest to assault and the trial court found him guilty. At no time did he object to the charge. Failure to raise this issue at the trial court level constitutes a waiver and may not be heard for the first time on appeal unless the plain error exception applies.[18]
Constitutional rights, as well as statutory rights, may be lost for failure to raise them at trial.[19]
 {¶ 26} Here, it is unclear that but for the claimed error Sheldon would have been found not guilty. After all, from the record before us, he was charged with violence against Kenya Hernon who was pregnant. We are under the impression that one can be charged with both domestic violence and assault. Consequently, we conclude the plain error exception does not apply. Sheldon's third assigned error lacks merit.
Judgment affirmed.
FRANK D. CELEBREZZE, JR., J., and ANTHONY O. CALABRESE, JR., J.,CONCUR.
[1] (1967), 386 U.S. 213.
[2] See Smith v. Hooey (1969), 393 U.S. 374; Dickey v. Florida (1970),398 U.S. 30.
[3] State v. Smith (2000), 140 Ohio App.3d 81, 85-86.
[4] State v. Cloud (1997), 122 Ohio App.3d 626, State v. Pudlock
(1975), 44 Ohio St.2d 104.
[5] State v. Pachay (1980), 64 Ohio St.2d 218, 221.
[6] State v. DePue (1994), 96 Ohio App.3d 513, 516; See, also,Cleveland v. Seventeenth Street Association (Apr. 20, 2000), Cuyahoga App. No. 76106; State v. Gabel (Oct. 31, 1996), Cuyahoga App. No. 69607.
[7] State v. Singer (1977), 50 Ohio St.2d 103, 109; State v. Mays
(1996), 108 Ohio App.3d 598, 609.
[8] R.C. 2945.71; See, State v. Gabel (Oct. 31, 1996), Cuyahoga App. No. 69607, citing State v. McCornell (1993), 91 Ohio App.3d 141,145.
[9] R.C. 2945.71(E).
[10] R.C. 2945.71; See, Gabel, citing State v. McCornell (1993),91 Ohio App.3d 141,145.
[11] R.C. 2945.72(H).
[12] R.C. 2945.72(E).
[13] State v. Bickerstaff (1984), 10 Ohio St.3d 62, 67.
[14] (2002), 98 Ohio St.3d 121.
[15] State v. Benge (Apr. 24, 2000), 12th Dist. No. CA99-05-095 (holding discovery and bill of particulars were tolling events); Statev. Spicer (May 8, 1998), 1st Dist. Nos. C-970480 and C-970454 (holding "motions for bill of particulars" do not always toll time).
[16] State v. Brown, 98 Ohio St.3d at 123.
[17] Id.
[18] State v. Awan (1986), 22 Ohio St.3d 120, State v. Long (1978),53 Ohio St.2d 91.
[19] Id.