OPINION
{¶ 1} Defendant-appellant, Jarrod William Messer, appeals a decision of the Clermont County Court of Common Pleas overruling his motion to dismiss indictment on speedy trial grounds after which he pled no contest to attempted engaging in a pattern of corrupt activity. For the reasons outlined below, we affirm the decision of the trial court.
 {¶ 2} On September 22, 2004, appellant was indicted on one count of engaging in a pattern of corrupt activity, a first degree felony under Ohio's Racketeer Influenced and *Page 2 
Corrupt Organizations (RICO) statute, R.C. 2923.32(A)(1). The indictment was based upon seven predicate acts committed by appellant between June 2002 and April 2003. The arraignment, scheduled for September 30, 2004, was continued because service of the warrant on the indictment had not yet been perfected upon appellant. The warrant was entered into the computerized databank, National Crime Information Center (NCIC), sometime between September 22, 2004 and September 30, 2004.
 {¶ 3} In November 2004, appellant's counsel notified Clermont County officials that appellant was already incarcerated. Appellant was arrested on the present indictment on December 15, 2004. The case was continued a number of times, at appellant's request. On July 28, 2005, appellant filed a motion to dismiss the indictment on speedy trial grounds. The motion was heard on August 3, 2005. In a decision issued on August 11, 2005, the trial court overruled appellant's motion. That same day, appellant pled no contest to an amended charge of attempted engaging in a pattern of corrupt activity under R.C. 2923.02(A) and2923.32(A)(1). Appellant was thereafter sentenced to five years of community control. Appellant timely appeals, raising one assignment of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT COMMITTED PREJUDICAL [SIC] ERROR BY NOT DISMISSING THE RICO. CHARGE FOR VIOLATION OF APPELLANT'S SPEEDY TRIAL RIGHTS PROTECTED BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, THESIXTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES AND/OR OHIO REVISED CODE SECTION 2945.71."
 {¶ 6} In challenging the trial court's refusal to dismiss the RICO charge on speedy trial grounds, appellant raises two issues for our review. First, appellant argues that the trial court erred in failing to allow credit for the time running on the previously indicted charges when, according to appellant, the RICO charge was based on the same sets of facts which *Page 3 
gave rise to the prior charges. Second, appellant contends that the trial court erred in failing to allow credit for the time running after the indictment on the RICO charge.
 {¶ 7} Appellate review of speedy-trial issues involves a mixed question of law and fact. State v. High, 143 Ohio App.3d 232, 242,2001-Ohio-3530. A reviewing court must give due deference to the trial court's findings of fact if they are supported by competent, credible evidence, but will independently review whether the trial court correctly applied the law to the facts of the case. Id.
 {¶ 8} Both the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. State v. Baker,78 Ohio St.3d 108, 110, 1997-Ohio-229. In order to determine whether this constitutional right has been violated, a court should weigh the length of the delay, the reason for the delay, the defendant's assertion of his right to a speedy trial, and the prejudice to the defendant as a result of the delay. Barker v. Wingo (1972), 407 U.S. 514, 530, 92 S.Ct. 2182.
 {¶ 9} Applying the above factors to this case, we find no deprivation of appellant's constitutional speedy trial rights. Courts reviewing post-accusation delay have considered delays from the date of indictment to the date of arrest as well as from the date of indictment or arrest to the date of trial. See, e.g., State v. Webb, Washington App. No. 01CA32, 2002-Ohio-3552, ¶ 25; State v. Carter (Apr. 1, 1998), Lorain App. No. 97CA006703, 1998 WL 150380, at *3. The 84-day delay between appellant's indictment and arrest, occasioned by the state's inability to locate appellant, was not presumptively prejudicial. See, e.g.,State v. Miller, Franklin App. No. 04AP-285, 2005-Ohio-518, ¶ 12 (76-day delay not presumptively prejudicial); Webb at ¶ 26 (186-day delay not presumptively prejudicial). The entry of continuance stated that the matter was continued until appellant was located for service of the warrant on indictment, and that the speedy trial time was tolled as a result. The state *Page 4 
checked a computerized databank to see if appellant was incarcerated. The state also entered the warrant into the NCIC and sent a teletype notification to the jurisdiction at appellant's last known address. The state was reasonably diligent in attempting to notify appellant of the pending charge, and the speedy trial time was tolled as a result of appellant's unavailability. State v. Selvage, 80 Ohio St.3d 465, 469,1997-Ohio-287. See, also, State v. Packard (1988), 52 Ohio App.3d 99,101 ("The sheriff's department could not and should not be expected to initiate a multiple-county or statewide dragnet to track down one individual[.]").
 {¶ 10} As for post-arrest delay, the time lapse between appellant's arrest and his no contest plea on August 11, 2006, the same day as the trial court decision denying appellant's motion to dismiss, was 604 days. Because this exceeds one year, the delay was presumptively prejudicial and the remaining Baker factors must be addressed.Selvage at 468, citing Doggett v. United States (1992), 505 U.S. 647,652, 112 S.Ct. 2686 (providing "courts have generally found post accusation delay `presumptively prejudicial' at least as it approaches one year").
 {¶ 11} A review of the record reveals that the delays in the case resulted almost entirely from appellant's numerous requests for continuances, changes in counsel, and requests for discovery. The record documents that appellant waived his speedy trial rights each time these continuances were granted. In addition, appellant's counsel filed a "blanket" speedy trial waiver on May 26, 2005. This waiver was not revoked until appellant filed his motion to dismiss the indictment on speed trial grounds on July 28, 2006. State v. Masters, Crawford App. No. 3-06-20, 2007-Ohio-4229, ¶ 26. Under such circumstances, we find no prejudice to appellant where he caused most of the delay and continually waived his speedy trial rights. Appellant's constitutional right to a speedy trial was therefore not violated.
 {¶ 12} Next we turn to appellant's statutory speedy trial right. In Ohio, the General Assembly enacted a statutory scheme to protect a defendant's speedy trial rights. See R.C. *Page 5 2945.71 et seq. Generally, when an accused is charged with a felony, he must be brought to trial within 270 days after the date of his arrest. R.C. 2945.71(C)(2). The day of the arrest is not included in the count. State v. Steiner (1991), 71 Ohio App.3d 249, 250-51. When an accused is held in jail on the pending charge in lieu of bail, each day is counted as three days. R.C. 2945.71(E).
 {¶ 13} In this appeal, the fundamental threshold issue in our statutory speedy trial analysis is whether the speedy trial timetable in a case involving a RICO charge begins to run upon the dates of arrest for the RICO predicate acts or upon the date of arrest for the RICO charge itself. The Ohio Supreme Court has specifically addressed the issue of multiple indictments in relation to Ohio's speedy trial statute. In State v. Adams (1989), 43 Ohio St.3d 67, the high court held:
 {¶ 14} "When new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge." Id. at 68.
 {¶ 15} By definition, a RICO charge involves a pattern of corrupt activity: "No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity * * *." R.C.2923.32(A)(1). Ohio's RICO statute defines a "pattern" as:
 {¶ 16} "[T]wo or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event." R.C. 2923.31(E).
 {¶ 17} Therefore, a person must engage in separate incidents which demonstrate a continuing course of criminal conduct before the state may indict on a RICO charge. See, *Page 6 
e.g., State v. Hicks, Butler App. No. CA2002-08-198, 2003-Ohio-7210, ¶ 32-35. Included within the ambit of "corrupt activity" are, inter alia, the offenses of aggravated possession of drugs, receiving stolen property, and felonious assault. R.C. 2923.31(I)(2)(a), (c).
 {¶ 18} The RICO charge in this case was based upon seven predicate offenses, which appellant committed on the following respective dates: June 7, 2002 (aggravated possession of drugs); June 16, 2002 (receiving stolen property); July 15, 2002 (aggravated possession of drugs); November 24, 2002 (receiving stolen property); November 25, 2002 (receiving stolen property); January 11, 2003 (felonious assault); and April 23, 2003 (receiving stolen property). The state did not know of all the facts necessary for the RICO charge when the indictments for the predicate offenses were issued. It was not until appellant engaged in conduct which arguably formed a pattern of corrupt activity that the state was able to file a RICO charge against him. Because the state did not possess all of the facts leading to the RICO charge at the time of the initial indictments, the same speedy trial time does not apply to the predicate offenses and the RICO charge. Adams, 43 Ohio St.3d at 68. The speedy trial timetable for the RICO charge thus began to run upon the date of appellant's arrest for the RICO charge itself, not upon the dates of arrest for the predicate acts upon which the RICO charge was based.
 {¶ 19} As stated, the time lapse between appellant's arrest on the RICO charge and his no contest plea amounted to 604 days. This exceeds the 270-day statutory deadline. However, the time within which an accused must be brought to trial may be extended by any of the tolling events contained in R.C. 2945.72. These include unavailability of the accused for hearing or trial due to his involvement in other criminal proceedings, any period of delay necessitated by a motion of the accused, any continuances granted on the accused's own motion, any period of reasonable continuance granted other than upon the accused's own motion, and any period of delay resulting from the neglect or improper act of the accused. Id. *Page 7 
 {¶ 20} Appellant was arrested on December 15, 2004. This day of arrest is not included in computing speedy trial time. Steiner,71 Ohio App.3d at 250-51. Although appellant was incarcerated at the time of his arrest, he was not held in jail solely on the pending RICO charge in lieu of bail. Accordingly, the triple count provision of R.C. 2945.71(E) is inapplicable. State v. Davenport, Butler App. No. CA2005-01-05,2005-Ohio-6686, ¶ 9. See, also, State v. MacDonald (1976),48 Ohio St.2d 66, 69; State v. Dankworth, 172 Ohio App.3d 159, 2007-Ohio-2588, ¶ 32;State v. Taylor (Oct. 5, 2001), Lucas App. No. L-98-1375,2001 WL 1198648, at *4.
 {¶ 21} The Ohio Supreme Court recently addressed the issue of when multiple charges should be considered, collectively, as a "pending charge" within the meaning of R.C. 2945.71(E). In State v. Parker,113 Ohio St.3d 207, 2007-Ohio-1534, the high court held the following:
 {¶ 22} "[W]hen multiple charges arise from a criminal incident and share a common litigation history, pretrial incarceration on the multiple charges constitutes incarceration on the `pending charge' for the purposes of the triple-count provision of the speedy-trial statute[.] * * * Criminal charges arising out of the same criminal incident and brought simultaneously will always be deemed to have a `common litigation history' for the purposes of establishing incarceration solely on the `pending charge' within the meaning of R.C.2945.71(E), even if they are prosecuted in separate jurisdictions."Parker at ¶ 21, 25.
 {¶ 23} Here, the RICO charge was not brought simultaneously with the charges for the predicate acts. It is a charge separate and distinct from the predicate acts themselves, and does not share a common litigation history with them. The Parker decision thus does not mandate that the triple-count provision be applied under the facts of the case sub judice. We therefore continue our analysis within the confines of the 270-day statutory speedy trial deadline. *Page 8 
 {¶ 24} On December 16, 2004, the day after appellant's arrest, he appeared pro se at his arraignment. There, he waived his right to a speedy trial and requested a continuance. The trial court continued the case to December 23, 2004. When that date approached, the court again continued the case to December 30, 2004 at appellant's request. As a result, no days of speedy trial time elapsed. Appellant was arraigned on December 30, 2004.
 {¶ 25} Eight days of speedy trial time passed from the date of appellant's arraignment to the January 7, 2005 pretrial hearing. At that hearing, the trial court again continued the case to February 18, 2005 at appellant's request. At the February 18 hearing, the case was continued to March 18, 2005 at appellant's request. On March 17, 2005, the case was continued to April 8, 2005 at appellant's request. The speedy trial time clock ran from April 8, 2005 to May 10, 2005 for an additional 32 days of time, bringing the total to 40 days.
 {¶ 26} On May 10, 2005, the case was continued to May 26, 2005 at appellant's request. On May 26, 2005, appellant filed a "blanket" time waiver. Such an unlimited waiver must be formally withdrawn by written motion before a defendant my reassert his right to a speedy trial.State v. O'Brien (1987), 34 Ohio St.3d 7, 9. Following the filing of a written motion objecting to further continuances, the state must bring the defendant to trial within a reasonable time. Id.
 {¶ 27} Appellant requested a number of continuances throughout the time covered by the blanket waiver. These would have tolled the time as well. He also filed requests for discovery and a bill of particulars, and a motion to dismiss the indictment on double jeopardy grounds.
 {¶ 28} Appellant never formally withdrew the blanket time waiver, but his motion to dismiss the indictment on speedy trial grounds, filed on July 28, 2006, effectively revoked it. Masters, 2007-Ohio-4229 at ¶ 26. The filing of this motion to dismiss by appellant again acted as a tolling event, so no speedy trial time accumulated from the filing of the motion until *Page 9 
it was ruled on. The court issued its decision on appellant's motion to dismiss on August 11, 2006. Appellant entered his no contest plea that same day.
 {¶ 29} The total speedy trial time attributable to the state from the date of appellant's arrest to the trial court's decision on appellant's dismissal motion is 40 days. This is well within the statutory time frame. Appellant's statutory right to a speedy trial was therefore not violated.
 {¶ 30} Appellant cites the holdings in State v. Adams (1989),43 Ohio St.3d 67 and State v. Homan, 89 Ohio St.3d 421, 2000-Ohio-212 for the proposition that any speedy trial waivers that occur for initial charges should not apply to subsequently brought charges. This reliance is premised upon appellant's argument that the same speedy trial time line be applied to the charges for the predicate offenses and the RICO charge. Because we have concluded that the RICO offense is afforded its own speedy trial time line, appellant's reliance upon Adams andHoman is misplaced.
 {¶ 31} We conclude that appellant was not denied his constitutional or statutory speedy trial rights. Appellant's assignment of error is overruled.
 {¶ 32} Judgment affirmed.
 YOUNG, P.J., and BRESSLER, J., concur. *Page 1