OPINION
{¶ 1} Appellant, Denver Melampy, appeals his conviction in the Brown County Court of Common Pleas for one count of illegal manufacture of methamphetamine. We affirm the decision of the trial court.
 {¶ 2} On December 17, 2004, a Brown County farmer called the police and complained that a vehicle was stuck in his field. The police arrived and found appellant in the *Page 2 
vehicle, and, upon further investigation, also discovered that the vehicle contained a methamphetamine lab. Appellant was arrested and later released from jail after posting bond on December 22, 2004. However, appellant failed to appear at his arraignment on January 21, 2005, as well at his pretrial hearing on February 10, 2005. It was later determined that he was incarcerated on other methamphetamine charges during that time.
 {¶ 3} On August 2, 2005, while serving a prison sentence in the London Correctional Institute, appellant filed a request for speedy trial, pursuant to R.C. 2941.401, for the untried indictment at issue in this case. On September 21, 2005, appellant signed a Journal Entry on Pre-Trial that extended speedy trial time "until jury trial scheduled." On September 27, 2006, over a year later, appellant moved to dismiss on speedy trial grounds. The motion was denied at a hearing held on November 28, 2006. After a number of delays, appellant pled guilty to illegal manufacture of methamphetamine on March 22, 2007.
 {¶ 4} Appellant appeals, raising two assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED BY BRINGING [APPELLANT] TO TRIAL AFTER THE 180 DAY DEADLINE FOR A SPEEDY TRIAL PURSUANT TO R.C. 2941.041 (sic.) HAD PASSED."
 {¶ 7} Appellant argues that the trial court erred in denying his motion to dismiss because his conviction for illegal manufacture of methamphetamine violated his statutory right to a speedy trial pursuant to R.C. 2941.401 in that "the state did not bring [him] to trial until well after the 180th day." We disagree.
 {¶ 8} Appellate review of speedy trial issues involves a mixed question of law and fact.
State v. Messer, Clermont App. No. CA2006-10-084, 2007-Ohio-5899, ¶ 7, citing State v. High, 143 Ohio App.3d 232, 242, 2001-Ohio-3530. A reviewing court must give due deference to the trial court's findings of fact if they are supported by competent, credible *Page 3 
evidence, but will independently review whether the trial court correctly applied the law to the facts of the case. Id.
 {¶ 9} In Ohio, the right to a speedy trial is implemented by statutes that impose a duty on the state to bring the defendant to trial within a specified time. City of Cleveland v. Sheldon, Cuyahoga App. No. 82319,2003-Ohio-6331, ¶ 16. R.C. 2945.71 et seq. is applicable to defendants in general, whereas, the "specific" speedy trial limitation found in R.C. 2941.401 is applicable to a defendant who is already incarcerated and the pending charge is for a crime separate from that for which he is currently imprisoned. Id.; State v. Clark, Warren App. No. CA2007-03-037, 2008-Ohio-5208, ¶ 30. When in conflict, the provisions of R.C. 2941.401 prevail over any provisions of R.C. 2945.71. City ofCleveland v. Adkins, 156 Ohio App.3d 482, 2004-Ohio-1118, ¶ 6. These statutory provisions are "coextensive with the speedy trial rights as guaranteed by the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution," and must be strictly complied with by the trial court. Sheldon at ¶ 16, citing State v.Pachay (1980), 64 Ohio St.2d 218, 221.
 {¶ 10} In order for a defendant to avail himself of the speedy trial provisions in R.C. 2941.401, he must first show that he delivered written notice to both the prosecuting attorney and the appropriate court, stating his place of confinement and a request for a final disposition made of the case. State v. Judd (Sept. 19, 1996), Franklin App. No. 96APA03-330, 1996 WL 532180 at *3, citing State v. Turner
(1982), 4 Ohio App.3d 305. Further, R.C. 2941.401 also requires the defendant to give a written notice and request for final disposition to the warden of the institution where he is imprisoned. Once these procedural requirements are satisfied, the state is obligated to bring a defendant to trial within 180 days of the date the defendant files notice of his request for disposition of the untried indictment.State v. Logan (1991), 71
Ohio App.3d 292, 296. If the state fails to comply with the 180-day restriction, the court loses *Page 4 
jurisdiction and the indictment or complaint is void. R.C. 2941.401. The appropriate remedy is to then dismiss the charges for lack of a speedy trial. Judd at 1996 WL 532180 at *3, citing State ex rel. Bowling v.Court of Common Pleas (1970), 24 Ohio St.2d 158; State v. Fitch (1987),37 Ohio App.3d 159.
 {¶ 11} Ohio courts, including this court, have found that the right to a speedy trial may be waived as long as the waiver is knowingly and voluntarily made. State v. Evans (Dec. 30, 1999), Butler App. No CA98-11-237, at 6, citing State v. King, 70 Ohio St.3d 158, 160,1994-Ohio-412. "[A]n accused's express written waiver of his statutory rights to a speedy trial, made knowingly and voluntarily, also constitutes a waiver of his speedy trial rights guaranteed by the United States and Ohio Constitutions." King at 160. Generally, a guilty plea waives the defendant's right to raise a challenge to his conviction based on the statutory right to a speedy trial on appeal. State v.Kelley (1991), 57 Ohio St.3d 127, paragraph one of the syllabus;Village of Montpelier v. Greeno (1986), 25 Ohio St.3d 170, 171-72.
 {¶ 12} Appellant complied with the statutory requirements of R.C. 2941.401 on August 2, 2005 while he was incarcerated in the London Correctional Institution. However, on March 22, 2007, appellant pled guilty to illegal manufacture of methamphetamine in violation of R.C. 2925.04. Therefore, appellant's guilty plea waived any challenge to his conviction based on a violation of his speedy trial right on appeal.
 {¶ 13} Even if the matter had gone to trial as scheduled, the state's speedy trial deadline would not have expired.
 {¶ 14} As stated previously, appellant's notice of his place of detention and request for disposition of untried indictments were received by the prosecutor and the common pleas court on August 2, 2005, and therefore, the 180-day speedy trial time began to run on that date. See State v. Hairston, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 26.
 {¶ 15} Appellant's guilty plea was entered on March 22, 2007, which was 597 days *Page 5 
after he filed his notice for a speedy trial on August 2, 2005. However, appellant expressly waived the time limitations imposed when he signed a limited time waiver on September 21, 2005, [1] which stated that "speedy trial times [are] extended until jury trial scheduled."[2] Our review of the record indicates that the jury trial was set upon the trial docket on February 21, 2007. However, although appellant never formally withdrew the limited time waiver, his motion to dismiss the indictment on speedy trial grounds filed on September 27, 2006 effectively revoked it. Messer, 2007-Ohio-5899 at ¶ 28. Regardless, no speedy trial time accumulates from the filing of the motion until it is ruled on, or in this case, November 28, 2006. Id. As a result, the limited time waiver was in effect from September 21, 2005, the date appellant signed the limited time waiver, until November 28, 2006, the date when the trial court ruled on the motion, or 434 days.
 {¶ 16} Based on the foregoing, only 164 days were tolled against the state's speedy trial deadline.[3] Therefore, appellant's argument is without merit because the state's180-day time limit had not expired at the time he pled guilty.
 {¶ 17} Accordingly, appellant's first assignment of error is overruled.
 {¶ 18} Assignment of Error No. 2: *Page 6 
 {¶ 19} "TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL WHICH HARMED [APPELLANT]."
 {¶ 20} Appellant argues that his trial counsel was ineffective because he "should have renewed the Motion to Dismiss on Speedy Trial grounds as the case was over 180 days when it came to the date of the plea." This argument lacks merit.
 {¶ 21} In determining whether counsel's performance constitutes ineffective assistance, an appellate court must find that counsel's actions fell below an objective standard of reasonableness and that appellant was prejudiced as a result. Strickland v. Washington (1984),466 U.S. 668, 687-688, 694, 104 S.Ct. 2052. In demonstrating prejudice, an appellant must show that there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. Id. at 694. A strong presumption exists that a licensed attorney is competent and that the challenged action is the product of sound trial strategy and falls within the wide range of professional assistance. Id. at 689.
 {¶ 22} A guilty plea waives claims of ineffective assistance of counsel based upon statutory speedy trial issues. State v. Mayle, Morgan App. No. CA 07-3, 2008-Ohio-286, ¶ 39, citing State v. Barnett (1991),73 Ohio App.3d 244, 249; State v. Johnson, Cuyahoga App. No. 61904,1993 WL 58629 (upon entering guilty plea defendant waives his right to effective assistance of counsel in regards to speedy trial issues). Further, as noted above, appellant's trial counsel could not have been ineffective because the state's 180-day time limit had yet to expire prior to appellant's guilty plea. Accordingly, appellant's second assignment of error is overruled.
 {¶ 23} Judgment affirmed.
YOUNG, J., concurs.
 WALSH, P.J., concurs separately. *Page 7 
 WALSH, P.J., concurring separately.
 {¶ 24} I write separately to emphasize that it was appellant's execution of time waivers in this case that permitted the trial court to make the finding of guilt, and without those waivers the court would have lost jurisdiction over this matter. See R.C. 2941.401.
 {¶ 25} While the majority addressed the merits of the issues presented by appellant's assignments of error, they did so only after they held that appellant's guilty plea waived his right to challenge the issues. I would base our holding solely on the analysis of the merits of appellant's appeal.
 {¶ 26} Notwithstanding the differences in my approach to the analysis, I concur with the decision to overrule appellant's assignments of error and affirm the judgment.
[1] In denying appellant's motion to dismiss, the trial court noted that "[t]he Defendant and his attorney * * * signed a judgment entry extending the speedy trial times until these matters could be set upon the trial docket of the Court." Appellant, during a hearing on his motion to dismiss for speedy trial purposes, argued that his signature on the time waiver was a forgery. The trial court found it "inconceivable" that appellant's trial counsel "would have signed his name or allowed someone else to sign his name." However, even if appellant's signature was a forgery, defense counsel may waive the statutory time limit for reasons of trial preparation without defendant's consent. State v. Logan, 71 Ohio App.3d 292, 293.
[2] Appellant now claims that the time waiver "is simply a waiver of the delay occasioned from the time of the signing of the entry on that date until the next occasion when the matter comes before the court." However, appellant's argument clearly lacks merit because the time waiver explicitly extended time "until [a] jury trial [was] scheduled," which, in this case, was February 21, 2007.
[3] {¶ a} The total time tolled would be 164 days, which includes:
{¶ b} 50 days tolled from August 2, 2005, the date appellant complied with R.C. 2941.401, to September 21, 2005, the time appellant signed the limited time waiver; and
{¶ c} 114 days tolled from November 28, 2006, the date the trial court ruled on the motion to dismiss, and March 22, 2007, the date appellant pled guilty. *Page 1