[Cite as *State v. Peterson*, 2012-Ohio-2200.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97362**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DAMIEN PETERSON

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-471307

**BEFORE:** Kilbane, J., Celebrezze, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** May 17, 2012

**APPELLANT**

Damien Peterson, pro se
Inmate No. 503-884
Marion Correctional Institution
940 Marion-Williamsport Road
Marion, Ohio 43302

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Mary McGrath
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Damien Peterson ("Peterson"), pro se, appeals from the trial court's judgment denying his motion to dismiss the indictment for constitutional and statutory violations. Finding no merit to the appeal, we affirm.

{¶2} In October 2005, Peterson was charged with aggravated robbery, felonious assault, and having a weapon while under disability. The aggravated robbery and felonious assault counts each contained a one- and three-year firearm specification, a notice of prior conviction and a repeat violent offender specification.

{¶3} The matter proceeded to a jury trial, at which he was found guilty of aggravated robbery, felonious assault, and the accompanying firearm specifications. The trial court found him guilty of having a weapon while under disability and the remaining specifications. The trial court sentenced Peterson to three years in prison on the firearm specifications and three years in prison on the repeat violent offender specifications, to be served prior and consecutive to the sentences imposed on the underlying offenses. The court further sentenced Peterson to nine years in prison on the aggravated robbery charge, five years in prison on the felonious assault charge, and four years in prison on the having a weapon while under disability charge. The trial court ordered that these sentences be served concurrent to each other, for a total of 15 years in prison.

{¶4} Peterson filed a direct appeal from his convictions to this court. He challenged the sufficiency and manifest weight of the evidence and asserted prosecutorial misconduct, as well as ineffective assistance of trial counsel. While we rejected all of

Peterson's assignments of error, we found plain error in the sentence on the repeat violent offender specifications. Therefore, we modified Peterson's sentence to 12 years in prison and remanded the matter to the trial court for correction of the sentencing entry. *State v. Peterson*, 8th Dist. No. 88248, 2007-Ohio-1837, ¶ 59-60 (*Peterson I*). On May 29, 2007, the trial court entered an order amending Peterson's sentence to a total of 12 years in prison.

{¶5} While *Peterson I* was pending, Peterson filed a petition to vacate or set aside his sentence in February 2007. The trial court denied this motion in March 2007. The trial court subsequently filed findings of fact and conclusions of law in July 2007. Peterson then appealed from this decision in *State v. Peterson*, 8th Dist. No. 90263, 2008-Ohio-4329 (*Peterson II*). Peterson argued that the court erred by dismissing his petition as insufficient. We affirmed the trial court's judgment, finding no error in its decision. *Peterson II* at ¶ 16.

{¶6} Then in November 2009, Peterson filed a motion for resentencing, arguing he was entitled to a de novo sentencing hearing due to the trial court's failure to advise him at his original sentencing hearing of the consequences of violating postrelease control. The trial court denied this motion in April 2010 and Peterson appealed this decision in *State v. Peterson*, 8th Dist. No. 90561, 2011-Ohio-344 (*Peterson III*). Peterson argued that he was entitled to be resentenced at a de novo sentencing hearing because the trial court failed to advise him at his original sentencing hearing of the

consequences for violating the terms of postrelease control. The State conceded the error. *Peterson III* at ¶ 6.

**{¶7}** We found that the trial court failed to advise Peterson at the original sentencing hearing of the consequences for violating postrelease control. Relying on the Ohio Supreme Court's decision in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, we remanded the matter for a resentencing hearing limited to the proper imposition of postrelease control. *Id*. at ¶ 8.

**{¶8}** In April 2011, Peterson filed a motion to dismiss the indictment for constitutional and statutory violations. Peterson argued that his case was still pending because his sentence is void in part due to postrelease control violations. As a result, Peterson claimed that his right to a speedy trial was violated. In May 2011, the trial court held a resentencing hearing pursuant to this court's decision in *Peterson III*. The trial court advised Peterson that he was subject to five years of mandatory postrelease control on the aggravated robbery count, three years of mandatory postrelease control on the felonious assault count, and three years of mandatory postrelease control on the having a weapon while under disability count. The trial court also denied Peterson's motion to dismiss the indictment for constitutional and statutory violations.

**{¶9}** It is from this order that Peterson appeals, raising the following single assignment of error of review.

ASSIGNMENT OF ERROR

> The trial court erred when [it denied Peterson's] motion to dismiss the indictment for constitutional and statutory speedy trial violations.

{¶10} Peterson claims that the trial court erred when it denied his motion to dismiss, arguing that his case has been pending for years because postrelease control was not properly imposed.

{¶11} Contrary to Peterson's argument, his case has not been pending for years. Rather his convictions were affirmed by this court in *Peterson I.* In April 2007, we "affirm[ed] the finding of guilt, modif[ied] the sentence, and remand[ed] for correction of the sentencing entry." *Id.* at ¶ 1. Furthermore, in January 2011, this court specifically stated:

> [T]he Ohio Supreme Court in [*Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332] limited its holding in [*State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961] and concluded that the defendant is only entitled to a hearing for the proper imposition of postrelease control. The defendant is not entitled to be resentenced on the entire sentence. Therefore, on remand, the trial court is instructed to conduct a resentencing hearing limited to the proper imposition of postrelease control. Accordingly, Peterson's sole assigned error is sustained in part.

{¶12} Moreover, Peterson's argument is barred by the doctrine of res judicata. *See State v. Barb*, 8th Dist. No. 90768, 2009-Ohio-2576, ¶ 15; *State v. McGuire*, 8th Dist. No. 90768, 2006-Ohio-1330, ¶ 28. Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). It is well established that "any issue that could

have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16.

{¶13} Here, Peterson brought a direct appeal from his convictions, appealed the denial of his petition to vacate his sentence, and then appealed the denial of his motion for resentencing. In each appeal, he failed to raise the speedy trial argument he now presents.

{¶14} As such, Peterson's sole assignment of error is barred by res judicata.

{¶15} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
JAMES J. SWEENEY, J., CONCUR