[Cite as *State v. Quillen*, 2013-Ohio-3672.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2012-10-217 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 8/26/2013 |
| - vs - | | |
| | : | |
| TERRANCE QUILLEN, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2000-03-0306


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Terrance Quillen, #A412908, Marion Correctional Institution, P.O. Box 57, Marion, Ohio 43302, defendant-appellant, pro se


**S. POWELL, J.**

{¶ 1} Defendant-appellant, Terrance Quillen, appeals pro se from the Butler County Court of Common Pleas decision denying his motion to dismiss his indictment on three counts of rape, as well as its decision to resentence him to a mandatory five-year postrelease control term. For the reasons outlined below, we affirm in part, reverse in part, and remand for further proceedings.

{¶ 2} On April 9, 2001, Quillen pled guilty to three counts of rape in violation of R.C. 2907.02(A)(1)(b), all first-degree felonies. Quillen was subsequently sentenced to an aggregate 18-year jail term and properly notified of his mandatory five-year postrelease control obligations. However, as part of his sentencing entry, the trial court improperly included language indicating Quillen's postrelease control obligations were merely "up to" a maximum of five years. Quillen did not appeal from his conviction or sentence.

{¶ 3} On March 23, 2012, Quillen filed a pro se motion to dismiss his indictment and sentence. In support of this motion, Quillen argued that his sentence was void due to the improper imposition of his mandatory five-year postrelease control term, and therefore, "the statutory jurisdiction granted to the Butler County Common Pleas Court over the subject-matter of this motion" has ceased. The trial court denied Quillen's motion to dismiss on speedy trial grounds. However, finding Quillen's mandatory five-year postrelease control term was improperly imposed, the trial court ordered a new sentencing hearing limited to the proper imposition of his mandatory five-year postrelease control term.

{¶ 4} On October 9, 2012, the trial court held a resentencing hearing during which the court properly advised Quillen of his mandatory five-year postrelease control obligations. The trial court then issued an amended sentencing entry that properly notified Quillen that postrelease "control is mandatory in this case for 5 years." The trial court also made a finding that Quillen was entitled to 4,187 days of jail time credit.

{¶ 5} Quillen now appeals from the trial court's decision, raising three assignments of error for review. For ease of discussion, Quillen's first assignment of error will be addressed out of order.

{¶ 6} Assignment of Error No. 2:

{¶ 7} THE TRIAL JUDGE ABUSED HIS DISCRETION BY SENTENCING THE APPELLANT WHILE HE WAS MENTALLY INCOMPETENT WHICH DENIES HIS

SUBSTANTIVE AND PROCEDURAL DUE PROCESS GUARANTEES OF THE UNITED STATES CONSTITUTION FOURTEENTH AMENDMENT.

{¶ 8} In his second assignment of error, Quillen argues the trial court erred by resentencing him to the mandatory postrelease control term when he made "several incomprehensible statements" during his resentencing hearing indicating he was "not competent during those proceedings." In support of this claim, Quillen points to the following discussion before the trial court:

> [DEFENSE COUNSEL]: My client has some notes here and I've asked him about it and he says that what the Court has told him up to this point hasn't answered his questions. The first is that he says he's unsure of why he's actually in court today given the nature of the motions that he's filed up to this point, it's my understanding; is that correct, Terrence?
>
> THE DEFENDANT: Yes; yes, it is.

{¶ 9} However, Quillen conveniently ignores the remainder of that same discussion, which included, in pertinent part, the following:

> THE COURT: I thought I answered that, but I'll do it again. He's here today for a resentencing on the portion of the sentencing entry which was in error, which was the portion of the sentencing entry regarding post-release control. * * * [Y]ou were placed on post-release control for a period of up to five years, okay? That's wrong. The Judge should have told you that the mandatory – that the post-release control is five years and it's mandatory. It's not 'up to.' It's mandatory. So we're here today to correct that entry. That's the reason we're here today. Does that answer that question?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: Okay. Next question.
>
> [DEFENSE COUNSEL]: Your Honor, I think, I can kind of summarize this. **And when I said he didn't understand why he was in court today I don't think he's incompetent or anything**, I think his point is that – these are all his pro se motions, Your Honor, so if I'm summarizing them incorrectly, I'm sure he can tell me, but it's my client's position that he was never sentenced to begin with correctly, and that his sentence is void

and that he can't be resentenced upon that void sentence. Is that your –

THE DEFENDANT: Yes.

(Emphasis added.)

{¶ 10} Quillen then went on to personally address the trial court regarding his position that the court lacked subject matter jurisdiction to proceed, as well as challenges to his speedy trial and due process rights. This included several citations to United States Supreme Court decisions that he claimed supported his argument for dismissal.

{¶ 11} As can be seen, when taken in its entirety, there is simply nothing in the record that suggests Quillen was incompetent during his resentencing hearing. *See* R.C. 2945.37(B); *see also State v. Rodriguez,* 12th Dist. Butler No. CA2008-07-162, 2009-Ohio-4460, ¶ 50; *State v. Marks*, 8th Dist. Cuyahoga No. 92548, 2009-Ohio-6306, ¶ 26. To suggest otherwise is nothing more than a mischaracterization of the record before this court. The trial court, therefore, did not err by resentencing Quillen to correctly notify him of his mandatory five-year postrelease control term without further inquiry as there was nothing to suggest he lacked the necessary competency to proceed. *See, e.g., State v. Burns*, 12th Dist. Butler Nos. CA2004-07-084 and CA2004-10-126, 2005-Ohio-5290, ¶ 34-40 (affirming trial court's decision denying request for competency hearing following guilty plea where there was no indicia of incompetence or good cause shown that would have entitled appellant to a competency hearing prior to sentencing). Accordingly, as there was nothing to suggest Quillen lacked the necessary competency, Quillen's second assignment of error is overruled.

{¶ 12} Assignment of Error No. 3:

{¶ 13} A QUESTION OF THE COMMON PLEAS COURTS JURISDICTION TO ACT CAN BE RAISED AT ANYTIME, WHERE THAT COURT LOST JURISDICTION OVER INDICTMENT AFTER ENTRY OF VOID SENTENCE, THE APPELLANT IS DENIED

- 4 -

FUNDAMENTAL RIGHTS TO SPEEDY TRIAL GUARANTEED VIA THE 5TH, 6TH, 14TH, AMENDMENTS U.S.C.A., INCONJUNCTION [sic] WITH STATUTORY RIGHTS OF APPELLANT TO SPEEDY TRIAL WITHIN 90 DAYS OF ARREST, AND THOUGH GUILTY PLEA WAIVES RIGHT TO SPEEDY TRIAL, SPEEDY TIME CLOCK IS NOT TOLLED BY A VOID SENTENCE, SO COMMON PLEAS COURT ABUSED ITS DISCRETION BY NOT GRANTING MOTION TO DISMISS INDICTMENT IN VIOLATION TO HIS FUNDAMENTAL RIGHT TO LIBERTY.

{¶ 14} In his third assignment of error, Quillen challenges the trial court's decision denying his motion to dismiss the indictment against him. In essence, Quillen argues that his indictment, conviction, and sentence are all void and must be dismissed as a violation of his speedy trial rights because his case has been pending for over a decade since he was first informed of his postrelease control obligations during his June 11, 2001 sentencing hearing. We disagree.

{¶ 15} Although the trial court incorrectly informed Quillen of his postrelease control obligations as part of its original sentencing entry, contrary to Quillen's claims otherwise, this case has not been pending for over a decade. As noted by the Ohio Supreme Court in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, "a sentence that does not include the statutorily mandated term of postrelease control is void, and the new sentencing hearing to which a defendant is accordingly entitled is limited to proper imposition of postrelease control." *State v. Schleiger*, 12th Dist. Preble No. CA2011-11-012, 2013-Ohio-1110, ¶ 16. However, this has absolutely no impact on the "other aspects of the merits of the conviction, including the determination of guilt." *State v. Gipson*, 12th Dist. Warren No. CA2011-02-015, 2011-Ohio-5747, ¶ 15, citing *Fisher* at ¶ 40.

{¶ 16} Simply stated, it is only the "offending portion" of the sentence that is subject to review and correction. *State v. Watkins*, 12th Dist. Butler Nos. CA2010-09-228 and CA2010-

12-346, 2011-Ohio-5227, ¶ 27, quoting *Fisher* at ¶ 27. In fact, as this court recently stated, in a resentencing hearing held for the purpose of properly imposing mandatory postrelease control, such as the case here, "a trial court has no discretion and is required and limited to imposing postrelease control the way it was required to do in the first place." *Schleiger* at ¶ 16. Therefore, correcting a sentence to properly impose a mandatory five-year postrelease control term does not violate or even implicate speedy trial rights. *See State v. Peterson*, 8th Dist. Cuyahoga No. 97362, 2012-Ohio-2200, ¶ 11; *see also State v. Spears*, 9th Dist. Summit No. 24953, 2010-Ohio-1965, ¶ 19-20.

{¶ 17} Moreover, it is undisputed that Quillen pled guilty to three counts of rape. "[A] guilty plea waives the defendant's right to raise a challenge to his conviction based on the statutory right to a speedy trial on appeal." *State v. Melampy*, 12th Dist. Brown No. CA2007-04-008, 2008-Ohio-5838, ¶ 11; *State v. Kelley*, 57 Ohio St.3d 127 (1991), paragraph one of the syllabus. Quillen also signed a waiver of his speedy trial rights. As with other fundamental rights, a defendant can waive the statutory right to a speedy trial, so long as the waiver is "expressed in writing or made in open court on the record." *State v. Cox*, 12th Dist. Clermont No. CA2008-03-028, 2009-Ohio-928, ¶ 14, quoting *State v. King*, 70 Ohio St.3d 158 (1994), syllabus. Such a waiver, when "made knowingly and voluntarily, also constitutes a waiver of [the defendant's] speedy trial rights guaranteed by the United States and Ohio Constitutions." *State v. O'Hara*, 12th Dist. Brown No. CA2009-04-015, 2010-Ohio-107, ¶ 12. There is nothing in the record to suggest that Quillen's waiver was not knowingly and voluntarily made. Therefore, Quillen's claim that the indictment must now be dismissed as a violation of his speedy trial rights is without merit. Accordingly, Quillen's third assignment of error is overruled.

{¶ 18} Assignment of Error No. 1:

{¶ 19} THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN

ERROR WHEN THE JUDGE CHANGED JAIL TIME CREDIT FROM 4,648 DAYS TO 4,187 DAYS TOTAL JAIL CREDIT DENYING APPELLANT'S 14TH AMEND. U.S.C.A. RIGHT TO EQUAL PROTECTION UNDER THE LAW.

{¶ 20} In his first assignment of error, Quillen argues the trial court erred in calculating the appropriate jail time credit. The state concedes, and we agree, that there was error in the trial court's calculation and this matter should be remanded so that the court can properly determine the amount of jail time credit Quillen should be afforded. Therefore, in light of the record before this court, Quillen's second assignment of error is sustained and this matter is reversed and remanded to the trial court for the limited purpose of making the factual determination regarding the calculation and application of jail time credit. We take no position as to the proper amount of jail time credit. However, we instruct the trial court that in making its determination, the court should take into account both its January 3, 2007 nunc pro tunc entry finding Quillen was entitled to 401 days of jail time credit for time served between May 10, 2000 and June 14, 2001, as well as its October 4, 2012 nunc pro tunc entry finding Quillen was entitled to 4,187 days of jail time credit for time served between March 20, 2000 to May 10, 2000 and June 15, 2001 to October 9, 2012.

{¶ 21} Judgment affirmed in part, reversed in part, and remanded.

HENDRICKSON, P.J., and RINGLAND, J., concur.