OPINION *Page 2 
{¶ 1} Defendant-Appellant, Scott D. Tucker, appeals the January 11, 2008 judgment entry of the Richland County Court of Common Pleas denying Appellant's motion to dismiss based upon speedy trial grounds.
 STATEMENT OF THE CASE[1] {¶ 2} Appellant was arrested on or about August 25, 2006 and indicted on October 5, 2006 for Kidnapping, in violation of R.C. 2905.01; Rape, in violation of R.C. 2907.02; Gross Sexual Imposition, in violation of R.C. 2907.05; Abduction, in violation of R.C. 2905.02; and Sexual Battery, in violation of R.C. 2907.03. The case was assigned Case No. 2006 CR 0737. Appellant was incarcerated from August 25, 2006 to May 11, 2007 when Appellant was bonded out on the charges. However, he remained incarcerated until June 20, 2007 due to a federal holder on unrelated charges.
 {¶ 3} Subsequently, Case No. 2006 CR 0737 was dismissed and Appellant was reindicted under Case No. 2007 CR 0934, filed November 29, 2007. Appellant was charged with the above-listed counts, but was charged with an additional count of Domestic Violence, in violation of R.C. 2919.25.
 {¶ 4} Appellant's trial was scheduled for January 14, 2008 but continued to April 7, 2008. On December 27, 2007, Appellant filed a motion to dismiss based upon speedy trial grounds. The trial court overruled the motion to dismiss on January 11, 2008, based upon Appellee's calculations that time for Appellant's trial had not yet expired due to tolling. *Page 3 
 {¶ 5} On April 7, 2008, Appellant's trial commenced. During the trial, Appellee and Appellant arranged a plea agreement where Appellant entered a guilty plea pursuant to North Carolina v. Alford (1970), 400 U.S. 25,91 S.Ct. 160, to one count of Domestic Violence. Appellee dismissed the remaining charges. The trial court suspended an eighteen-month prison sentence and placed Appellant on three years of community control sanctions.
 {¶ 6} Appellant now appeals and raises one Assignment of Error:
 {¶ 7} "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO DISMISS BASED UPON SPEEDY TRIAL GROUNDS."
 I. {¶ 8} This matter comes to us on the accelerated calendar. App. R. 11.1, which governs the accelerated calendar, states in pertinent part: "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 9} Appellant argues in his sole Assignment of Error the trial court erred when it denied Appellant's motion to dismiss made pursuant to speedy trial grounds. We disagree.
 {¶ 10} In this case, Appellant entered an Alford plea to the count of Domestic Violence and Appellee dismissed the remaining charges as part of a plea bargain. If a defendant enters a guilty plea, such plea "waives a defendant's right to challenge his or her conviction on statutory speedy trial grounds." State v. Kelly (1991), *Page 4 57 Ohio St.3d 127, 566 N.E.2d 658, paragraph one of the syllabus. In Alford, the United States Supreme Court held that a trial judge could accept a guilty plea from a defendant despite the fact that the plea was accompanied by "protestations of innocence." State v. Lewis, (July 30, 1999), Mahoning App. No. 97 CA 161 citing North Carolina v. Alford, supra. In State v. Carter (1997), 124 Ohio App.3d 423, 429,706 N.E.2d 409, it was held that "an Alford plea is merely a species of guilty plea, having the effect of waiving Carter's right to appeal from the denial of his speedy trial motion." See also, State v. Benman, Franklin App. No. 03AP-1012, 2004-Ohio-3935, ¶ 12-14.
 {¶ 11} If Appellant wishes to challenge the trial court's denial of the motion to dismiss on speedy trial grounds, he should have entered a plea of no contest rather than an Alford plea which operates as a plea of guilty and therefore waives appellate review of the issue. State v.Lewis, supra. "Pursuant to Crim. R. 11(B)(2), `[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceedings.'" State v. Carter, supra. Unlike a guilty plea, a plea of no contest does not prevent the defendant from appealing from the trial court's ruling on a pretrial motion. Id., citing Crim. R. 12(H).
 {¶ 12} Because Appellant's Alford plea acts as a guilty plea, Appellant has waived any right to assert a violation of his speedy trial rights and this court is without authority to address whether the trial court erred in overruling Appellant's motion to dismiss. Lewis andCarter, supra.
 {¶ 13} Accordingly, we overrule Appellant's Assignment of Error. *Page 5 
 {¶ 14} The decision of the Richland County Court of Common Pleas is affirmed.
By: Delaney, J. Hoffman, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY *Page 6 
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is AFFIRMED. Costs assessed to appellant.
[1] A Statement of the Facts underlying Appellant's conviction is not necessary for the disposition of this appeal. *Page 1