[Cite as *State v. Chiles*, 2016-Ohio-1225.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103179**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DIETRICH CHILES

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-586886-A

**BEFORE:** McCormack, P.J., Boyle, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** March 24, 2016

**ATTORNEY FOR APPELLANT**

Steve W. Canfil
55 Public Square Suite 2100
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Patrick J. Lavelle
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

{¶1} Defendant-appellant, Dietrich Chiles, appeals his conviction for trafficking following a guilty plea. For the following reasons, we affirm the judgment of the trial court.

{¶2} In July 2014, Chiles was charged with a codefendant in a seven-count indictment: trafficking in violation of R.C. 2925.03(A)(2) (Counts 1, 5); drug possession in violation of R.C. 2925.11 (Counts 2, 4, and 6); trafficking in violation of R.C. 2925.03(A)(1) (Count 3); and possessing criminal tools in violation of R.C. 2923.24(A) (Count 7). All of the counts contained forfeiture specifications, and Counts 1 and 2 also contained a major drug offender specification.

{¶3} Following several changes in assigned counsel, Chiles pleaded guilty on April 20, 2015, to an amended Count 1, trafficking in violation of R.C. 2925.03(A)(2). As amended, the charge became a felony of the second degree, wherein the amount of drugs (cocaine) involved exceeded 20 grams but was less than 27 grams. The major drug offender specifications and the remaining charges were dismissed. The trial court sentenced Chiles to three years imprisonment and ordered the forfeiture of all property on Count 1.

{¶4} Chiles now appeals, assigning two errors for our review, which we address together:

I. The trial court erred in accepting appellant's guilty plea when he expressed a belief that his statutory and constitutional rights to a speedy trial had been violated and the court did not fully inform him

that he was waiving his right to challenge any violation of those rights by entering a guilty plea.

II. The piecemeal approach of the state of Ohio with regard to its responses to appellant's requests for discovery caused appellant to be denied his rights to due process of law and a speedy trial.

{¶5} Chiles argues that the court erred in accepting his guilty plea where he expressed a belief that his speedy trial rights had been violated, and the court failed to inform him that he was waiving his right to challenge his conviction based upon speedy trial grounds. He also argues that the state's discovery responses, or lack thereof, resulted in a denial of his due process and speedy trial rights.

{¶6} It is well established that when a defendant pleads guilty, he or she generally waives all appealable errors that may have occurred unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. *State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 14, citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus. This rule includes the waiver of a defendant's right to challenge a conviction on statutory speedy trial grounds. *State v. Logan*, 8th Dist. Cuyahoga No. 99471, 2014-Ohio-816, ¶ 12, citing *Kelley* at paragraph one of the syllabus (reaffirming and applying its prior holding in *Montpelier v. Greeno*, 25 Ohio St.3d 170, 495 N.E.2d 581 (1986)). "Even assuming [the defendant] had made a demand for a speedy trial, when he entered his plea of guilty * * *, it amounted to a withdrawal of such demand and waived his right to insist on the constitutional provisions relating to a speedy trial." *Partsch v. Haskins*, 175 Ohio St. 139, 141, 191 N.E.2d 922 (1963). Such speedy trial

rights may be waived by defense counsel, with or without the defendant's consent. *State v. King*, 70 Ohio St.3d 158, 160, 637 N.E.2d 903 (1994), citing *State v. McBreen*, 54 Ohio St.2d 315, 376 N.E.2d 593 (1978), syllabus.

{¶7} Likewise, a defendant's guilty plea waives any constitutional infirmities that occurred prior to his or her plea, including the right to discovery and any error associated with the alleged discovery violations, unless those violations rendered the defendant's pleas less than knowing, intelligent, and voluntary. *State v. Bari*, 8th Dist. Cuyahoga No. 90370, 2008-Ohio-3663, ¶ 55, citing *State v. Buhrman*, 2d Dist. Montgomery No. 16789, 1998 Ohio App. LEXIS 2840 (June 26, 1998); *State v. Spates*, 64 Ohio St.3d 269, 595 N.E.2d 351 (1992).

{¶8} We must therefore address whether Chiles's plea was knowing, intelligent, and voluntary. Crim.R. 11(C) governs the process by which a trial court must inform a defendant of certain constitutional and nonconstitutional rights before accepting a felony plea of guilty or no contest. The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 5.

{¶9} To ensure that a defendant enters a plea knowingly, voluntarily, and intelligently, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C)(2). *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11(C)(2) requires that a trial court determine from a colloquy with

the defendant whether the defendant understands (1) the nature of the charge and maximum penalty, (2) the effect of the guilty plea, and upon acceptance of the plea, the court may proceed with judgment and sentence, and (3) the constitutional rights waived by a guilty plea. *See, e.g., State v. Hussing*, 8th Dist. Cuyahoga No. 97972, 2012-Ohio-4938, ¶ 18. The constitutional rights include the rights to a jury trial, to confront witnesses, to have compulsory process to obtain witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself. Crim.R. 11(C)(2)(c); *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 21.

{¶10} Strict compliance is required if the appellant raises a violation of a constitutional right delineated in Crim.R. 11(C)(2)(c). When the trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), it is presumed the plea was entered involuntarily and unknowingly and therefore invalid. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31.

{¶11} When the appellant raises a violation of a nonconstitutional right found in Crim.R. 11(C)(2)(a) and (b), however, we look for substantial compliance. *State v. Joachim*, 8th Dist. Cuyahoga No. 90616, 2008-Ohio-4876. "Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of

his plea and the rights he is waiving,' the plea may be upheld." *Clark* at ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶12}** When the trial court does not substantially comply with Crim.R. 11 with regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or completely failed to comply with the rule. If the trial court partially complied, the plea may be vacated only if the defendant demonstrates a prejudicial effect. *Clark* at ¶ 32. Prejudice in this context requires that the defendant demonstrate that but for the error, there is a reasonable probability that he or she would not have pleaded guilty. *State v. Simmons*, 8th Dist. Cuyahoga Nos. 99513 and 100552, 2013-Ohio-5026, ¶ 5.

**{¶13}** The trial court is not obligated to go beyond the requirements of Crim.R. 11 prior to accepting a guilty plea. *State v. Williams*, 7th Dist. Mahoning No. 11MA131, 2012-Ohio-6277, ¶ 39. And a guilty plea is not rendered invalid because the defendant was not informed of a right or waiver not enumerated in Crim.R. 11. *State v. Railing*, 8th Dist. Cuyahoga No. 67137, 1994 Ohio App. LEXIS 4703, * 2 (Oct. 20, 1994). "Courts have repeatedly rejected claims challenging the voluntariness of a plea because the defendant was not advised of a right or waiver not specified in Crim.R. 11." *Id.*; *State v. Mavroudis*, 7th Dist. Columbiana No. 02CO44, 2003-Ohio-3289, ¶ 25. The right to appeal is not one of the enumerated rights. Therefore, a defendant's claim that his plea was involuntary because he was not informed that a guilty plea waived his right to challenge his conviction on statutory speedy trial grounds must fail. *Railing*; *State v.*

*Jones*, 10th Dist. Franklin No. 03AP-20, 2003-Ohio-4513; *State v. Young*, 9th Dist. Summit No. 18031, 1997 Ohio App. LEXIS 2609 (June 18, 1997).

{¶14} Here, the record demonstrates that the court addressed Chiles's speedy trial concerns prior to Chiles entering a plea. On December 30, 2014, Chiles filed a pro se motion to dismiss based upon speedy trial violations. At the time, Chiles was represented by counsel. On January 13, 2015, the court held a pretrial conference. At this time, the court advised Chiles that because he was represented by counsel, it had no obligation to address his pro se motion.[1] Nevertheless, the court addressed Chiles's concerns, explaining his speedy trial rights and how trial time is tolled by his actions, including the hiring and firing of three previous attorneys and defense requests for continuances. The court then advised Chiles that his speedy trial time was 40 days, and it assured Chiles that his trial date of February 17, 2015, would not violate his speedy trial time. Following additional discussion, Chiles apologized for filing the motion and explained that he "was kind of frustrated by the system" because his case had been continued without his presence.

{¶15} Once again, on April 20, 2015, prior to entering his plea, Chiles expressed concern regarding his speedy trial rights and complained that his attorney "refuses to file the motions" regarding his speedy trial rights. The court, once again, explained to Chiles that because he is represented, the court may not entertain motions that are not

---

[1] When a criminal defendant is represented by counsel, a trial court may not entertain a defendant's pro se motion. *State v. Gibson*, 8th Dist. Cuyahoga No. 100727, 2014-Ohio-3421.

filed by Chiles's attorney.   Regardless, the court explained that there was no violation of his speedy trial rights.   At this time, both the state and defense counsel agreed that there was no violation.   Defense counsel advised the court that he discussed the motion with his client and he advised against the filing of the motion, stating that "as an officer of the court," he "can't file something that [he does not] agree with."   Following further discussion with Chiles, the court determined that the issue of speedy trial was settled and there was no violation:

> Sir, again, those days do not count against your speedy trial time because you, at the request of your attorney, needed continuances to prepare for this case.   You are worlds away from where we were [on] January 13th.   You were far from reaching a resolution.   And here we are today.   We've taken the time that we needed.   Your attorney and the prosecutor have worked this case accordingly and now we're here.   So things got done, work was being done, there is no violation of your speedy trial time, sir. None of those days counted against your time. * * * You have 40 days that have been used of the 90 days within which the state can bring you to trial under the speedy trial statute.

{¶16} After a brief recess, during which Chiles met with his attorney, the parties advised the court that a plea agreement had been reached.   After the parties informed the trial court that the parties had reached a plea agreement, the court engaged in a colloquy with Chiles.   During the colloquy, the court ensured that Chiles was not under the

influence of any drugs or medication that would impair his understanding of the proceedings, and it inquired of Chiles's education. When the court inquired of Chiles whether he understood "what we're doing here today," Chiles responded, "A little bit," and the following exchange occurred:

Court: Are your reservations about the speedy trial issues that we discussed previously? Is that what your understanding is —

* * *

Court: What are you having trouble understanding, sir?

Chiles: The whole procedure.

Court: You are here because your attorney has worked out a —
Chiles: I understand that part right there. But like, you know, it was just about the 90-day speedy trial that I'm not understanding.

Court: Okay. Well, we went over [that] in great detail. The court is not willing to reopen that discussion. As long as you understand what we're doing here with this plea and we can move forward. Okay, sir?

{¶17} Thereafter, the court advised Chiles of his constitutional rights and explained the charge to which he was pleading guilty, along with the maximum penalty of the charge. The court also explained that it could immediately proceed to judgment and sentence following his plea. Chiles repeatedly indicated that he understood. The court explained the possible sentence and the fact that Chiles was not promised a particular sentence, and Chiles stated that he understood that he was not promised anything. Defense counsel assured the court that there were no promises made for a particular sentence, but rather, the parties requested a sentencing range of two to four years

imprisonment. The court found that Chiles had been informed of his constitutional rights, he understood the nature of the charges, the effect of the plea, and the maximum penalties, and his plea was made knowingly, intelligently, and voluntarily. Chiles pleaded guilty to amended Count 1, and the court found Chiles guilty.

{¶18} In accordance with the foregoing, we find the record demonstrates that Chiles was afforded a full Crim.R. 11 hearing. During this hearing, Chiles was advised of his rights outlined in Crim.R. 11. He indicated on multiple occasions that he understood those rights, the plea, and its possible consequences and that he was not threatened or induced into entering the plea. Therefore, based upon the record before this court, we are unable to conclude that Chiles's plea was not knowingly, voluntarily, or intelligently made. Having complied with Crim.R. 11, the trial court was under no obligation to go a step further and explain to Chiles that by pleading guilty, he waives his right to appeal his case based upon statutory speedy trial grounds. His first assignment of error is overruled.

{¶19} For these same reasons, we find no merit to Chiles's argument pertaining to alleged discovery violations. Chiles claims that the state failed to provide discovery in a timely manner. He asserts that the state complied with his first counsel's discovery requests in July 2014 and August 2014, but it failed to comply with subsequent counsel's discovery requests made in October 2014 and November 2014. Chiles provides that the state ultimately responded to his last counsel's discovery motions on March 23, 2015. In response, the state provides that defense did, in fact, access the discovery portal in

October 2014 and November 2014; defense counsel did not seek to compel discovery at any time during the pendency of the case; and defense counsel did not address any discovery concerns with the court during its pretrial on January 13, 2015.

{¶20} By pleading guilty, Chiles has waived his right to discovery or any error associated with alleged discovery violations, unless the alleged violation rendered his plea less than knowing, intelligent, and voluntary. *Bari*, 8th Dist. Cuyahoga No. 90370, 2008-Ohio-3663, ¶ 55. As previously discussed, we have found that the trial court complied with Crim.R. 11 and Chiles's plea was knowingly, intelligently, and voluntarily made. Moreover, there is no indication from the record that any exculpatory or mitigating evidence was actually withheld. Therefore, we cannot say that the alleged untimeliness of the state's discovery responses affected Chiles's plea. Chiles's second assignment of error is overruled.

{¶21} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

MARY J. BOYLE, J., and
PATRICIA ANN BLACKMON, J., CONCUR