JENSEN, P.J.
I. Introduction
{¶ 1} Appellant, Denver Ingram, appeals the judgment of the Sandusky County Court of Common Pleas, sentencing him to 72 months in prison following his guilty plea to two counts of aggravated trafficking in drugs. We affirm.
A. Facts and Procedural Background
{¶ 2} On July 1, 2015, the Sandusky County Grand Jury entered a seven-count indictment against appellant, charging him with two counts of aggravated trafficking in drugs in violation of 2925.03(A)(1)(C)(1)(b), felonies of the third degree; two counts of endangering children in violation of 2919.22(B)(6), felonies of the third degree; one count of illegal assembly of chemicals for manufacture of drugs in violation of 2925.041(A), a felony of the second degree; one count of illegal manufacture of drugs in violation of 2925.04(A), a felony of the second degree; and one count of engaging in a pattern of corrupt activity in violation of 2923.32(A)(1), a felony of the first degree. The indictment specified that appellant manufactured methamphetamine, a schedule II drug, from supplies purchased by other persons involved in the criminal activity and sold half a gram of methamphetamine in the vicinity of a juvenile and less than 1,000 feet from an elementary school.
{¶ 3} On July 25, 2016, pursuant to appellant's application and based on his indigent circumstances, the trial court appointed counsel to represent appellant in this case. On September 15, 2016, appellant pled guilty to two counts of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1)(C)(1)(b), felonies of the third degree. The remaining counts in the indictment were dismissed. Following his guilty plea, appellant was sentenced to 36 months for each offense, to be served consecutively for an aggregate sentence of 72 months in prison.
{¶ 4} Subsequent to the trial court's imposition of sentence, appellant filed a pro se motion for delayed appeal which was granted by the court. Counsel was appointed for purposes of appeal.
B. Assignments of Error
{¶ 5} On appeal, appellant assigns three errors for our review, which he groups together as follows:
The convictions of Denver L. Ingram, Jr. ("Appellant") must be vacated on the basis that [ (1) ] Appellant was deprived *1257 of his constitutional right to retain an attorney of his choice, [ (2) ] the Trial Court imposed an unconstitutional trial tax by threatening Appellant with additional prison time should Appellant not accept a plea bargain and be found guilty after exercising his constitutional right to retain an attorney of his choice, and [ (3) ] Appellant's statutory right to a speedy trial was violated.
II. Analysis
{¶ 6} In the first assignment of error, appellant argues that he was deprived of his constitutional right to retain an attorney of his choice.
{¶ 7} The Sixth Amendment to the U.S. Constitution states: "In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." This fundamental right is preserved in state actions by the Fourteenth Amendment to the U.S. Constitution. Gideon v. Wainwright , 372 U.S. 335, 343, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). For defendants who cannot afford to hire a lawyer, appointment of counsel at the public's expense is required. Id. at 344, 83 S.Ct. 792. However, unlike the right to counsel, the right to counsel of choice is not absolute. United States v. Iles , 906 F.2d 1122, 1130 (6th Cir. 1990). "[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them." United States v. Gonzalez-Lopez , 548 U.S. 140, 151, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006) ; see Wheat v. United States , 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). "The right to appointed counsel entitles a defendant to competent, effective legal representation, not the counsel of the defendant's choice * * *." State v. Taylor , 6th Dist. Lucas No. L-12-1037, 2013-Ohio-3066, 2013 WL 3776604, ¶ 6, citing Morris v. Slappy , 461 U.S. 1, 13-14, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983).
{¶ 8} The trial court's decision relating to the substitution of counsel is reviewed under an abuse-of-discretion standard. State v. Jones , 91 Ohio St.3d 335, 343, 744 N.E.2d 1163 (2001).
Factors to consider in deciding whether a trial court erred in denying a defendant's motion to substitute counsel include "the timeliness of the motion; the adequacy of the court's inquiry into the defendant's complaint; and whether the conflict between the attorney and client was so great that it resulted in a total lack of communication preventing an adequate defense." Id. at 342, 744 N.E.2d 1163, quoting United States. v. Jennings , 83 F.3d 145, 148 (6th Cir. 1996).
{¶ 9} Here, appellant contends that the trial court imposed upon him a court appointed attorney rather than allowing him to retain a paid attorney. In addition, appellant argues that the trial court exerted improper and significant pressure on him to accept a plea bargain imposing a six year sentence instead of retaining a new attorney and facing a harsher sentence at trial. Appellant specifically refers to the trial court's statement "Well, how you going to feel if-if-you walk out of a trial convicted and you get 20 years, let's say? How will you feel then?"
{¶ 10} The state asserts that the trial court's comments were not threats or undue pressure for appellant to forego his constitutional right to an attorney of his choosing. In the context of the entire court proceedings, the state contends that the trial court's comments were offered to explain that going to trial with a new attorney would leave appellant susceptible to a harsher sentence than the negotiated sentence that would expire upon appellant's rejection of the proposed plea agreement.
{¶ 11} Having reviewed the entire record, we find the trial court did not violate appellant's right to retain an attorney of his choice. While appellant stated before the court "Just, I need to seek-seek better counsel, Your Honor" and stated his desire to retain a "paid lawyer," he did not express any specific dissatisfaction or conflict with his appointed attorney's representation. In addition, the court pointed out that appellant had failed to request new counsel for several months leading up to the hearing. Indeed, the record shows that appellant's initial application for appointed counsel was granted on July 25, 2016. Appellant failed to request new counsel until September 15, 2016.
*1258 {¶ 12} Moreover, we find no evidence that the trial court actually deprived appellant of his right to hire a lawyer of his choosing. In addressing appellant's belief that the six year sentence he was facing under the terms of the plea agreement was more then he deserved, the trial court discussed the maximum prison sentence it could impose upon appellant if he were convicted on all counts, as opposed to accepting the plea agreement. Thereafter, the trial court granted a recess for appellant to confer with his appointed counsel to discuss his options. Following the recess, appellant decided to accept the plea agreement and pled guilty to two counts of aggravated trafficking in drugs. During the Crim.R. 11 colloquy that followed his conference with his appointed counsel, appellant confirmed that he was satisfied with his appointed counsel's representation and he was entering his guilty plea of his own free will and choice. Thus, the trial court did not deprive appellant of his right to retain counsel of his choosing. Accordingly, we find appellant's first assignment of error is not well-taken.
{¶ 13} In appellant's second assignment of error, appellant asserts that he was subjected to an unconstitutional trial tax because the trial court threatened him with significant prison time if appellant requested an adjournment to retain a private attorney. Furthermore, appellant contends that he was subjected to prosecutorial vindictiveness.
{¶ 14} Concerning the validity of a guilty plea, the Ohio Supreme Court has held that "unless a plea is knowingly, intelligently, and voluntarily made, it is invalid." State v. Clark , 119 Ohio St.3d 239, 243, 2008-Ohio-3748, 893 N.E.2d 462. In asserting that he was subject to an unconstitutional trial tax, appellant relies on State v. O'Dell , 45 Ohio St.3d 140, 147, 543 N.E.2d 1220 (1989), in which the court stated: "[A] defendant is guaranteed the right to a trial and should never be punished for exercising that right or for refusing to enter a plea agreement * * *." Notably, the United States Supreme Court has explained:
While confronting a defendant with the risk of more severe punishment clearly may have a "discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable"-and permissible-"attribute of any legitimate system which tolerates and encourages the negotiation of pleas." Bordenkircher v. Hayes , 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), quoting Chaffin v. Stynchcombe , 412 U.S. 17, 31, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973).
{¶ 15} Upon review of the entire record, we find that the trial court did not exert undue pressure on appellant to accept the plea agreement, nor did it threaten to punish him if he proceeded to trial with an attorney of his choosing. Rather than pressuring appellant to accept the plea agreement, the trial court's statements described appellant's available options and the potential consequences of those exercising those options. The trial court did not threaten or guarantee that appellant would receive a harsher sentence if he sought new counsel and proceeded to trial. As described above, the trial court explained appellant's constitutional rights pursuant to Crim.R. 11, and appellant's responses on the record confirmed that he entered the guilty plea voluntarily and knowingly.
{¶ 16} Next, we turn to appellant's claim that he was a target of prosecutorial vindictiveness.
To punish a person because he has done what the law plainly allows him to do is a due process violation "of the most basic sort." Bordenkircher v. Hayes , 434 U.S. 357, 363, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). In a series of cases beginning *1259 with North Carolina v. Pearce and culminating in Bordenkircher v. Hayes , the Court has recognized this basic-and itself uncontroversial-principle. For while an individual certainly may be penalized for violating the law, he just as certainly may not be punished for exercising a protected statutory or constitutional right. United States v. Goodwin , 457 U.S. 368, 372, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982).
{¶ 17} In North Carolina v. Pearce , 395 U.S 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the United States Supreme Court held that the defendant's due process rights were violated when the trial court imposed a harsher sentence on retrial after the defendant's conviction was reversed on appeal. Id. at 723-25, 89 S.Ct. 2072. Courts have also held that a sentence was vindictively imposed where the defendant exercised the defendant's constitutional right to trial by jury. See O'Dell , supra , 45 Ohio St.3d at 147, 543 N.E.2d 1220.
{¶ 18} "[I]n certain cases in which action detrimental to the defendant has been taken after the exercise of a legal right, the Court has found it necessary to 'presume' an improper vindictive motive." Goodwin, supra, 457 U.S. at 373, 102 S.Ct. 2485, 73 L.Ed.2d 74. However, the Supreme Court has only presumed prosecutorial vindictiveness when a reasonable likelihood of vindictiveness exists. Id. Recently, the Ohio Supreme Court held that if, after review of the entire record, an appellate court finds clear and convincing evidence that a sentence is based on actual vindictiveness, the court may reverse the sentence. State v. Rahab , 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431.
{¶ 19} In cases involving a plea bargain, however, there is no punishment or retaliation element as long as the defendant is free to accept or reject the prosecution's offer. Bordenkircher , 434 U.S. at 363, 98 S.Ct. 663, 54 L.Ed.2d 604. "Defendants advised by competent counsel and protected by other procedural safeguards are presumptively capable of intelligent choice in response to prosecutorial persuasion, and unlikely to be driven to false self-condemnation." Id. In the plea bargaining process, a prosecutor may offer more lenient sentences than the possibility of a harsher penalty after trial. Id. In assessing the presumption of prosecutorial vindictiveness in Ohio, courts have followed the pretrial distinction. State v. Nash , 5th Dist. Stark Case No. 2000CA00309, 2001 WL 520973, *4 (May 7, 2001). "In a pretrial setting, a prosecutor is free to seek indictment on whatever the evidence can support, and no presumption of vindictiveness will attach if the defendant was clearly subject to those charges at the outset." Id. at *4.
{¶ 20} Here, we do not presume the trial court or prosecutor acted vindictively. Indeed, the trial court's explanation of the six year prison sentence that would be imposed under the plea agreement versus the potential sentence appellant was facing apart from the plea agreement does not constitute vindictiveness. Appellant views the trial court's statement, "Well, how you going to feel if-if-you walk out of a trial convicted and you get 20 years, let's say? How will you feel then?" as a threat. We do not agree.
{¶ 21} When considered in context, the trial court's statements were designed to ensure that appellant understood his options so that he could make an informed decision. Appellant was indicted on seven counts for which he faced a maximum of 38 years in prison. The prosecutor offered to reduce appellant's potential prison sentence by 32 years in exchange for appellant's guilty plea. This can hardly be characterized as an act of prosecutorial vindictiveness. Accordingly, we find the *1260 second assignment of error is not well-taken.
{¶ 22} In his third assignment of error, appellant argues that his statutory right to a speedy trial was violated under R.C. 2941.401 and R.C. 2945.71(C)(2). A speedy trial claim involves a mixed question of law and fact. See State v. Larkin , 5th Dist. Richland No. 2004-CA-103, 2005-Ohio-3122, 2005 WL 1463255, ¶ 11. An appellate court must accept as true any facts found by the trial court and supported by competent, credible evidence. Id. However, with regard to legal issues, the appellate court must apply a de novo standard and therefore freely review the trial court's application of law to the facts. Id.
{¶ 23} While R.C. 2945.71 is applicable to defendants in general, the speedy trial limitation found in R.C. 2941.401 is applicable to defendants already incarcerated for an unrelated crime. City of Cleveland v. Sheldon , 8th Dist. Cuyahoga No. 82319, 2003-Ohio-6331, 2003 WL 22804364, ¶ 16 ; State v. Clark , 12th Dist. Warren No. CA2007-03-037, 2008-Ohio-5208, 2008 WL 4456996, ¶ 30. When in conflict, the provisions of R.C. 2941.401 prevail over any R.C. 2945.71 provisions. State v. Melampy , 12th Dist. Brown No. CA2007-04-008, 2008-Ohio-5838, 2008 WL 4839660, ¶ 9, citing City of Cleveland v. Adkins , 156 Ohio App.3d 482, 2004-Ohio-1118, 806 N.E.2d 1007 (8th Dist.), ¶ 6.
{¶ 24} We ruled that when an appellant enters a guilty plea, he waives any objection based upon claimed denial of a statutory right to speedy trial. State v. McIntosh , 6th Dist. Erie No. E-07-048, 2008-Ohio-4743, 2008 WL 4278165, ¶ 36, citing State v. Kelley , 57 Ohio St.3d 127, 130, 566 N.E.2d 658 (1991). "Even assuming [the defendant] had made a demand for a speedy trial, when he entered his plea of guilty * * *, it amounted to a withdrawal of such demand and waived his right to insist on the constitutional provisions relating to a speedy trial." State v. Chiles , 8th Dist. Cuyahoga No. 103179, 2016-Ohio-1225, 2016 WL 1176269, ¶ 6, quoting Partsch v. Haskins , 175 Ohio St. 139, 141, 191 N.E.2d 922 (1963). Moreover, upon entry of a guilty plea, a defendant waives any appealable errors "unless he or she demonstrates that the alleged errors precluded him or her from entering a knowing, voluntary plea." State v. Ellis , 6th Dist. Lucas No. L-15-1296, 2016-Ohio-8086, 2016 WL 7188621, ¶ 35, citing State v. Kocian , 6th Dist. Ottawa No. OT-07-018, 2008-Ohio-74, 2008 WL 110632, ¶ 8.
{¶ 25} The record shows appellant was serving time in Belmont Correctional Institute on unrelated charges when he was indicted in the current case. Therefore, R.C. 2941.401 is applicable in this case. The record also shows that appellant raised concerns to the trial court regarding his speedy trial rights. Specifically, appellant alleged that he was unaware of a holder or detainer to assert his notice under R.C. 2941.401 and also inquired about time credit from his previous sentence. However, following the prosecutor's response regarding sentencing credit only, appellant stated he still wanted to proceed with his guilty plea. As addressed under the first assignment of error, appellant's guilty plea was knowingly and voluntarily entered. Therefore, while appellant raised an issue regarding his speedy trial rights under R.C. 2941.401, his right to challenge whether he received a speedy trial was waived upon entering his guilty plea. Thus, we find appellant's third assignment of error not well-taken.
III. Conclusion
{¶ 26} Based on the foregoing, the judgement of the Sandusky County Court of Common Pleas is affirmed. Appellant is *1261 ordered to pay the costs of this appeal pursuant to App.R. 24.
Judgment affirmed.
Arlene Singer, J.
Christine E. Mayle, J.
CONCUR.