[Cite as *State v. Turski*, 2019-Ohio-3604.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No. L-18-1217

    Appellee                                     Trial Court No. CR0201801802

v.

Michael Turski, Jr.                              **DECISION AND JUDGMENT**

    Appellant                                    Decided:  September 6, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Ernest E. Bollinger, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Michael Turski, Jr., appeals the September 26, 2018 judgment of the Lucas County Court of Common Pleas which, following appellant's plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970),

sentenced him to a total of ten years of imprisonment. For the reasons that follow, we affirm.

{¶ 2} Appellant was indicted on May 2, 2018. The charges of aggravated burglary, kidnapping, and burglary stemmed from events which took place at the victim's home on April 16 and 17, 2018, and bribery of the victim on April 19, 2018. The menacing by stalking charge included events from March-April 18, 2018. Appellant entered not guilty pleas to the charges.

{¶ 3} On September 24, 2018, pursuant to an agreement with the state that appellant would be sentenced to ten years in prison, appellant withdrew his not guilty pleas and entered *Alford* pleas to four counts in the indictment. Appellant was immediately sentenced to ten years of imprisonment for aggravated burglary, ten years of imprisonment for kidnapping, seven years of imprisonment for burglary, and 16 months of imprisonment for menacing by stalking. The court entered a nolle prosequi as to the bribery charge. The total prison term imposed was ten years. Appellant was also given credit for 160 days of presentence incarceration. This appeal followed.

{¶ 4} On appeal appellant raises two assignments of error for our review:

> I. Appellant was denied his constitutional and statutory right to a speedy final conclusion of his case.

> II. Appellant did not receive effective assistance of counsel.

{¶ 5} In appellant's first assignment of error he contends that the record is devoid of any indication that appellant ever waived his right to a speedy trial or that he was ever

2.

made aware of such right. Thus, appellant argues, he could not have waived the right by entering a plea.

{¶ 6} Regarding the effect of appellant's plea, generally a guilty or *Alford* plea waives a defendant's right to raise most issues on appeal. *State v. Ware*, 6th Dist. Lucas No. L-08-1050, 2008-Ohio-6944, ¶ 12, quoting *State v. Bryant*, 6th Dist. Lucas No. L-03-1359, 2005-Ohio-3352, ¶ 23. Such waiver includes "all nonjurisdictional defects and constitutional violations that occurred before he entered his guilty plea and that do not 'stand in the way of conviction if factual guilt is validly established.'" *State v. Legg*, 2016-Ohio-801, 63 N.E.3d 424, ¶ 28 (4th Dist.), quoting *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 78.

{¶ 7} An objection based upon a claimed denial of the right to a speedy trial is one of the constitutional protections waived by a defendant entering a guilty or *Alford* plea. *State v. Ingram*, 2017-Ohio-5685, 93 N.E.3d 1253, ¶ 24 (6th Dist.), citing *State v. McIntosh*, 6th Dist. Erie No. E-07-048, 2008-Ohio-4743, ¶ 36; *State v. Tucker*, 5th Dist. Richland No. 2008 CA 0056, 2008-Ohio-4986, ¶ 10, citing *State v. Carter*, 124 Ohio App.3d 423, 429, 706 N.E.2d 409 (2d Dist.1997); *State v. Benman*, 10th Dist. Franklin No. 03AP-1012, 2004-Ohio-3935, ¶ 12.

{¶ 8} We further note that under Crim.R. 11, prior to accepting a guilty plea for a felony offense a trial court is required to address the defendant personally and

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum

3.

penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

A trial court must strictly comply with the dictates of Crim.R. 11(C). *State v. Colbert*, 71 Ohio App.3d 734, 737, 595 N.E.2d 401 (11th Dist.1991). However, a trial court need not use the exact language found in that rule when informing a defendant of his constitutional rights. *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph two of the syllabus. Rather, a trial court must explain those rights in a manner reasonably intelligible to the defendant. *Id.*

{¶ 9} For nonconstitutional rights, scrupulous adherence to Crim.R. 11(C) is not required; the trial court must substantially comply, provided no prejudicial effect occurs before a guilty plea is accepted. *State v. Stewart*, 51 Ohio St.2d 86, 92-93, 364 N.E.2d

4.

1163 (1977). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 10} A trial court is not required to go beyond the Crim.R. 11 notification requirements and a plea will not be rendered involuntary based upon such a claim. *State v. Goddard*, 3d Dist. Wyandot No. 16-06-05, 2007-Ohio-1229, ¶ 14. As such, Ohio courts have specifically held that a court's failure to inform a defendant that his guilty plea would waive a speedy-trial violation issue on appeal did not render the plea involuntary. *State v. Snyder*, 7th Dist. Mahoning No. 03 MA 152, 2004-Ohio-3366, ¶ 16-17; *State v. Chiles*, 8th Dist. Cuyahoga No. 103179, 2016-Ohio-1225, ¶ 13.

{¶ 11} At the September 24, 2018 plea hearing, the trial court fully complied with Crim.R. 11(C) by ensuring that appellant was clear-headed and had not been forced into entering the plea, that he understood the effect of an *Alford* plea and the nature of the charges and the maximum penalties. The court informed appellant that by entering the plea he was giving up his constitutional right to a jury trial and the requirement that the charges be proven beyond a reasonable doubt, the right to call and confront witnesses, and the right against self-incrimination. Thus, appellant's plea was not rendered involuntary by the court's failure to inform him of his speedy trial violation waiver.

{¶ 12} Even assuming that appellant's claim was not waived, appellant has not demonstrated that he was not brought to trial within the statutory time period. Pursuant to R.C. 2945.71(C)(2), a person charged with a felony shall be brought to trial within 270

5.

days of his arrest.  Each day an accused is held in jail in lieu of bail on the pending charge is counted as three days for purposes of computing the time limit. R.C. 2945.71(E).  Therefore, if an accused is held in jail for the entire time from arrest to trial, he must be brought to trial within 90 days. The time by which an accused must be brought to trial, however, may be tolled under certain conditions, including:

(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

(D) Any period of delay occasioned by the neglect or improper act of the accused;

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

* * *

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion; * * *.

R.C. 2945.72

{¶ 13} In this case, we calculate the speedy trial time period as less than 90 days, as follows:

6.

- **April 19, 2018**: day after appellant's arrest and time begins to run until September 24, 2018, when appellant entered his plea = 159 days elapsed.

- **May 18 to June 4, 2018**: Appellant filed a written discovery request = 17 days tolled (s*ee State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 25, a defendant's motion for discovery tolls the statute, citing *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, syllabus.)

- **June 5 to June 25, 2018**: tolled due to appellant's request for a continuance.

- **June 25 to July 17, 2018**: tolled due to appellant's request for a continuance.

- **July 17 to August 7, 2018**: tolled due to appellant's request for a continuance.

- **August 7 to August 28, 2018**: tolled due to appellant's request for a continuance.

- **August 28 to September 17, 2018**: tolled due to appellant's request for a continuance.

- **September 17 to September 24, 2018**: tolled due to appellant's request for a continuance. A total of 112 days tolled due to appellant's requests for continuances

- **September 24, 2018**: plea hearing and sentencing

{¶ 14} Based on these calculations, appellant was incarcerated 159 days, minus 129 days tolled to appellant equals 30 days.

{¶ 15} Appellant contends that the continuances granted on June 5, June 25, and July 17, should be charged to the state due to its delay in providing discovery. We

7.

disagree. First, on June 5, appellant requested a continuance based on the "voluminous" discovery provided by the state. Only after this request did the state indicate that it was waiting on a report from the Bureau of Criminal Identification and Investigation. As to June 25 and July 17, on those dates appellant's counsel indicated that his discovery was ongoing through the services of a private investigator.

{¶ 16} Based on the foregoing, we find that appellant waived the speedy trial issue due to his *Alford* plea and, regardless, he was sentenced within the speedy-trial time limitations in R.C. 2945.71(C)(2). Accordingly, appellant's first assignment of error is not well-taken.

{¶ 17} Appellant next contends that he was denied effective representation by counsel's failure to object to "all the time being charged to his client." This, appellant argues, caused him to be in custody for 159 days while awaiting the disposition of his case.

{¶ 18} To prevail on a claim of ineffective assistance of counsel, a defendant must prove two elements: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Proof of prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

8.

*Id.* at 694; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus.  A defendant must establish both prongs of the standard to demonstrate ineffective assistance of counsel.  *Strickland* at 687.

{¶ 19} Based upon our disposition of appellant's first assignment of error we find that appellant cannot show that, had trial counsel raised the speedy trial claim, the court would have dismissed the charges.  Further, appellant fails to contend that any failure to raise the issue caused his plea to be less than knowing and voluntary.  *State v. Baker*, 6th Dist. Lucas Nos. L-15-1295, L-15-1324, 2017-Ohio-1074, ¶ 15, citing *State v. Arnold*, 2d Dist. Clark Nos. 2014-CA-23, 2014-CA-24, 2014-CA-25, 2014-CA-26, 2015-Ohio-1580, ¶ 10.  Accordingly, appellant's second assignment of error is not well-taken.

{¶ 20} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Lucas County Court of Common Pleas is affirmed.  Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                              JUDGE
Arlene Singer, J.          

Gene A. Zmuda, J.          _____
CONCUR.                                      JUDGE

                                  _____
                                              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.