[Cite as *State v. Fisher*, 2019-Ohio-3925.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                    Court of Appeals No. L-18-1162

        Appellee                         Trial Court No. CR0201702729

v.

David Zacharius Fisher                    **DECISION AND JUDGMENT**

        Appellant                        Decided:  September 27, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Sarah Haberland, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

**{¶ 1}** Appellant, David Fisher appeals from the June 27, 2018 judgment of the

Lucas County Court of Common Pleas convicting him, following acceptance of his guilty

plea, pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162

(1970), to a reduced charge of sexual battery, a violation of R.C. 2907.03(A)(1) and (B).

Appellant was sentenced to a six-year prison term.  For the reasons which follow, we affirm.

{¶ 2} On appeal, appellant asserts the following assignments of error:

I.  The Trial Court erred when is [sic] found victim competent to testify.

II.  The Trial Court erred when it accepted an *Alford* plea that was not made voluntarily by Defendant.

III.  The Trial Court erred when it failed to allow Defendant to withdraw his *Alford* Plea.

{¶ 3} In his first assignment of error, appellant argues that the trial court erred when it found the six-year-old victim was competent to testify at trial.  Appellant does not assert on appeal that the ruling on the competency issue affected the voluntariness of his *Alford* plea.  Because appellant entered an *Alford* plea, he has waived any error related to the trial court's determination of the competency of a child witness.  *State v. Turski*, 6th Dist. Lucas No. L-18-1217, 2019-Ohio-3604, ¶ 6.  Therefore, we find appellant's first assignment of error not well-taken.

{¶ 4} In his second assignment of error, appellant argues the trial court erred when it accepted an *Alford* plea to the charge of sexual battery that was not voluntary because appellant had only 24 minutes to discuss the plea with counsel after the court ruled that the child was competent to testify.

2.

{¶ 5} The record does not support appellant's assertion. After consulting with counsel, appellant indicated on the record that he had reviewed the plea and had enough time to discuss his defense with counsel and was satisfied with his attorney's advice. Therefore, we find the trial court did not err by accepting the plea.

{¶ 6} Appellant's second assignment of error is found not well-taken.

{¶ 7} In his third assignment of error, appellant argues the trial court abused its discretion when it denied appellant's motion to withdraw his *Alford* plea. Prior to sentencing, appellant moved to withdraw his plea on the grounds that his counsel failed to provide him with or explain a defense to the charges. He asserted that his counsel appeared to work with the prosecutor to obtain a plea.

{¶ 8} There is no absolute right to withdraw a guilty plea after conviction, but prior to sentencing, and the matter is left to the sound discretion of the trial court. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraphs one and two of the syllabus. We will not reverse the trial court's denial of the motion unless the defendant can establish that the trial court abused its discretion. *Id*. at 525.

{¶ 9} While Crim.R. 32.1 does not give criteria for determining when withdrawal of a plea is justified, the Ohio Supreme Court has held that "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *Xie* at 526. The Ohio Supreme that has held the denial of a motion to withdraw a guilty plea is not an abuse of discretion:

3.

[w]here the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made.

*State v. Piacella*, 27 Ohio St.2d 92, 92, 271 N.E.2d 852 (1971), syllabus. We have previously identified the key factual considerations a trial court should make prior to ruling on a motion to withdraw a plea:

(1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge.

*State v. Murphy*, 176 Ohio App.3d 345, 2008-Ohio-2382, 891 N.E.2d 1255, ¶ 39 (6th Dist.), citing *State v. Griffin*, 141 Ohio App.3d 551, 554, 752 N.E.2d 310 (7th Dist.2001).

4.

A change of heart is an insufficient reason to permit withdrawal of the plea. *State v. Williams*, 6th Dist. Lucas No. L-15-1259, 2016-Ohio-4905, ¶ 13.

{¶ 10} When the motion for withdrawal of the plea was asserted in the case, the trial court questioned appellant's appointed counsel. Counsel indicated that he had explored appellant's potential legal defenses and determined the only viable action was to file a motion regarding the competency of the child. Counsel provided copies of all documents to appellant which the state had provided to counsel. Counsel discussed the state's evidence with appellant and the pros and cons of the case. Appellant acknowledged he had a change of heart because he did not want to serve a prison term. Appellant was unable to provide any explanation for the evidence against him in this case. The trial court continued the matter for further hearing.

{¶ 11} At a follow-up hearing, appellant indicated that he desired to have the motion granted so that he could enter a plea which would result in probation because he pled guilty to an offense which would result in a mandatory prison sentence. The state responded that a therapist working with the child was concerned that allowing a change in plea could disrupt the healing process which began after the conviction and the child knew she would not have to testify. The child had developed serious sleeping disorders which started to be resolved after the conviction. The therapist is also concerned that appellant would become involved in the child's life again before her healing is complete because he is the father of her half-sibling. Furthermore, the state indicated that even if the plea was withdrawn, there would not be any offer that would result in an offer to

5.

plead to an offense which would lead to probation. The current plea was the state's best and final way to resolve this case short of a trial.

{¶ 12} At a third hearing, the state indicated that if the plea was withdrawn, the state would proceed to trial. Appellant then discuss the matter for ten minutes with his counsel. Afterward, appellant at first indicated that he did not want to withdraw his plea although he reasserted his claim of innocence. When questioned further by the judge, appellant again requested that the trial court rule on his motion to withdraw his plea.

{¶ 13} Applying the nine considerations noted above, the trial court found: 1) the state has indicated this young victim was greatly relieved when the plea had been entered and that her mental health recovery would be negatively affected by allowing appellant to withdraw his plea; 2) appellant's counsel is highly competent and was chosen because of the serious nature of the charge; 3) appellant was given a full Crim.R. 11 hearing before entering his plea; 4) a full hearing was given on the motion to withdraw the plea; 5) the trial court gave full and fair consideration of the motion to withdraw the plea; 6) the motion was made within a reasonable time; 7) the motion set forth the specific reasons for withdrawing the plea; 8) appellant had understood the nature of the charges and possible penalties before entering the plea; 9) while appellant asserts that he is innocent, he has not presented any evidence of that fact in light of the compelling evidence of the state. Furthermore, the court found that a change of heart is not a legitimate basis for granting a motion to withdraw a plea.

6.

**{¶ 14}** On appeal, appellant argues that the state would not have been prejudiced by a withdrawal of the plea. Appellant asserts it was improper in this case to deny the motion because of the impact it would have upon the victim.

**{¶ 15}** Upon a review of the record, and the trial court's analysis, we find that the trial court did not abuse its discretion in denying the motion to withdraw. We find the trial court considered all nine factors. The victim's mental health in this case was a relevant fact regarding the issue of whether there would be prejudice to the state because the victim's mental health could affect her ability to testify. Therefore, we find appellant's third assignment of error not well-taken.

**{¶ 16}** Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                        _____
                                                              JUDGE

Arlene Singer, J.

Gene A. Zmuda, J.                           _____
CONCUR.                                                      JUDGE

                                                _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.