[Cite as *State v. Wilson*, 2022-Ohio-4427.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-22-1045

　　　　Appellee                              Trial Court No.  CR0201902600

v.

Antonio Wilson                              **DECISION AND JUDGMENT**

　　　　Appellant                            Decided:  December 9, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Ernest E. Bollinger, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Antonio Wilson, appeals the judgment of the Lucas County Court of Common Pleas, convicting him following a guilty plea to one count of gross sexual imposition, and sentencing him to a prison term of 30 months.  For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On September 12, 2019, the Lucas County Grand Jury returned a two-count indictment against appellant, charging him with two counts of rape in violation of R.C. 2907.02(A)(1)(b) and (B), felonies of the first degree. Appellant was arraigned on September 24, 2019, where he entered an initial plea of not guilty. Bond was set at $250,000 for each of the two counts. Appellant did not post bond, and remained in pretrial confinement during the pendency of the proceedings.

{¶ 3} Thereafter, appellant filed numerous motions and requests for continuances. The matter was also delayed for a period of time in 2020 due to Covid-19. Notably, appellant did not file a motion to dismiss on speedy trial grounds. Ultimately, on February 8, 2022, appellant entered a guilty plea pursuant to *North Carolina v. Alford* to the lesser offense of gross sexual imposition in violation of R.C. 2907.05(A)(4) and (C)(2), a felony of the third degree. In exchange, the state agreed to dismiss the second count of rape, and agreed to a recommended prison sentence of 30 months, with credit for 876 days. Following the Crim.R. 11 plea colloquy, the trial court accepted appellant's plea, and found him guilty.

{¶ 4} Upon the request of the parties, the trial court proceeded immediately to sentencing. During the sentencing portion of the hearing, appellant withdrew all of his pending motions, which at the time consisted only of a motion to exclude evidence pertaining to certain medical testing. The trial court then heard statements from

appellant's counsel and from the victim's mother. Thereafter, the court sentenced appellant to the agreed-upon-sentence of 30 months in prison with credit for 876 days.

## II. Assignment of Error

{¶ 5} Appellant has timely appealed his judgment of conviction, and now asserts one assignment of error for our review:

1. Antonio Wilson was denied his right to a speedy trial as guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution and Article 1, Section 10 of the Ohio Constitution.

## III. Analysis

{¶ 6} The Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution guarantee to the accused the right to a speedy trial. R.C. 2945.71 through R.C. 2945.73 codify that right in Ohio, and provide that an accused charged with a felony must be brought to trial within 270 days after the person's arrest. R.C. 2945.71(C)(2). For an accused held in jail on the pending charges in lieu of bail, each day shall be counted as three days for purposes of computing time. R.C. 2945.71(E).

{¶ 7} However, the constitutional right to a speedy trial is waived by the entry of a guilty plea made pursuant to *North Carolina v. Alford*. *State v. Turski*, 6th Dist. Lucas No. L-18-1217, 2019-Ohio-3604, ¶ 7, citing *State v. Ingram*, 2017-Ohio-5685, 93 N.E.3d 1253, ¶ 24 (6th Dist.); *see also State v. Tucker*, 5th Dist. Richland No. 2008 CA 0056,

3.

2008-Ohio-4986, ¶ 12 ("Because Appellant's *Alford* plea acts as a guilty plea, Appellant has waived any right to assert a violation of his speedy trial rights and this court is without authority to address whether the trial court erred in overruling Appellant's motion to dismiss."); *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph one of the syllabus ("A plea of guilty waives a defendant's right to challenge his or her conviction on statutory speedy trial grounds pursuant to R.C. 2945.71(B)(2)."). Therefore, when appellant entered his *Alford* guilty plea, he waived his right to challenge his conviction on speedy trial grounds.[1]

{¶ 8} Accordingly, appellant's assignment of error is not well-taken.

### IV. Conclusion

{¶ 9} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

---

[1] Appellant does not suggest that his plea was not knowingly, intelligently, or voluntarily made because the trial court failed to inform him that his *Alford* plea would waive his right to raise the speedy trial issue. Notably, "Ohio courts have specifically held that a court's failure to inform a defendant that his guilty plea would waive a speedy-trial violation issue on appeal did not render the plea involuntary." *Turski* at ¶ 10, citing *State v. Snyder*, 7th Dist. Mahoning No. 03 MA 152, 2004-Ohio-3366, ¶ 16-17; *State v. Chiles*, 8th Dist. Cuyahoga No. 103179, 2016-Ohio-1225, ¶ 13.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                _____

                                           JUDGE

Gene A. Zmuda, J.

                                       _____

Myron C. Duhart, P.J.                    JUDGE
CONCUR.

                                       _____

                                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.